# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| CASA, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> *Defendants*. | Case No.: _____ |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs seek a preliminary injunction against the enforcement and implementation of the Executive Order entitled "Protecting the Meaning and Value of American Citizenship." The Executive Order purports to deny United States citizenship to many children who are born in the United States to noncitizen parents. The Court may issue a preliminary injunction when a plaintiff establishes that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court finds that Plaintiffs have carried their burden to satisfy each of those factors and that immediate relief is appropriate. The Court will therefore issue a preliminary injunction enjoining Defendants from implementing or applying the Executive Order.

First, the Court finds that Plaintiffs are likely to prevail on the merits of their arguments. The

Executive Order conflicts with the Citizenship Clause of the Fourteenth Amendment, which provides that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. am. XIV. The Executive Order also violates a similar statutory provision. 8 U.S.C. § 1401(a). The Supreme Court has long recognized that the Fourteenth Amendment's language means that a child born in the United States is a United States citizen even if the child's parents are not. *United States v. Wong Kim Ark*, 169 U.S. 649, 658 (1898). A President cannot unilaterally abrogate a constitutional provision or a federal statute. Plaintiffs are thus likely to succeed on the merits of their claim that the Executive Order violates both the Fourteenth Amendment and 8 U.S.C. § 1401(a).

Second, as Plaintiffs' declarations demonstrate, the Executive Order will inflict irreparable harm on Individual Plaintiffs, Organizational Plaintiffs' members, and their future children. The Executive Order invades the constitutionally guaranteed right to citizenship, and violation of constitutional rights is per se irreparable injury. *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 346 (4th Cir. 2021) (en banc). Moreover, the Executive Order will deprive newborn children of all of the benefits of United States citizenship, exposing them to the risk of deportation and potentially leaving them stateless. Those harms will affect their entire families.

The third and fourth preliminary injunction factors also favor granting relief. Where the government is a party, analysis of those factors—the balance of the equities and the public interest—merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). "[U]pholding constitutional rights surely serves the public interest." *Centro Tepeyac v. Montgomery County*, 722 F.3d 184, 191 (4th Cir. 2013) (en banc) (quoting *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002)).

Therefore, it is hereby **ORDERED** that Plaintiffs' Motion for a Preliminary Injunction is **GRANTED**.

It is further **ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are **ENJOINED** from enforcing or applying the Executive Order or taking any other action that fails to recognize the citizenship of individuals born within the United States.

It is further **ORDERED** that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction and imposing a security requirement would pose a hardship for Plaintiffs. *See* Fed. R. Civ. P. 65(c); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013).

**SO ORDERED**, this _____ day of _____, 2025, at _____.

_____
United States District Judge