**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CASA, INC. *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No.: 8:25-cv-00201-DLB |
| | Honorable Deborah L. Boardman |
| DONALD J. TRUMP *et al.*, | |
| *Defendants*. | |

<u>**INDIVIDUAL PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM AND**</u>
<u>**INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Plaintiffs Juana, Maribel, Trinidad Garcia, Monica, and Liza ("Individual Plaintiffs") are natives of foreign countries who now reside in the United States. All Individual Plaintiffs are currently pregnant, and their unborn children would likely be denied birthright citizenship under President Trump's Executive Order "Protecting the Meaning and Value of American Citizenship," if it is not enjoined. Because they fear that the U.S. government and members of the public could retaliate against them or their minor children because of their participation in this lawsuit, Individual Plaintiffs respectfully ask this Court to allow them to proceed by pseudonym. Individual Plaintiffs further request that the addresses of their counsel be listed as the address for each of them in the Court's records. Plaintiffs CASA and ASAP do not seek to appear under pseudonyms.

Although Rule 10(a) of the Federal Rules of Civil Procedure and Local Rule 102.2(a)

1

require that a complaint generally include the name and residence of the filing party, allowing a party to proceed under a pseudonym "may, as a matter of discretion, be permitted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In exercising that discretion, a court has "a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *Id.* "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981) (internal quotation marks omitted)); *see also James*, 6 F.3d at 238 (recognizing that "privacy or confidentiality concerns are sometimes sufficiently critical" to overcome the presumption of openness).

The Fourth Circuit has adopted a non-exhaustive five-factor test to guide a district court's consideration of a pseudonym motion. Those factors are:

(1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;"

(2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;"

(3) "the ages of the persons whose privacy interests are sought to be protected;"

(4) "whether the action is against a governmental or private party;" and

(5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

*James*, 6 F.3d at 238.

Individual Plaintiffs seek to proceed under pseudonyms in order "to preserve [their]

2

privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend" this litigation. *Id*. Specifically, Individual Plaintiffs fear that their participation in this lawsuit will jeopardize their ability to remain in the United States because they believe that the government could retaliate against them for their advocacy. Some Individual Plaintiffs have pending applications for asylum and are concerned that the U.S. government might deny, delay, or otherwise interfere with those applications because of their involvement with this lawsuit, affecting both them and non-party family members. *See* Juana Decl. ¶¶ 8-9 (concerns about retaliation against her and her minor daughter); Monica Decl. ¶ 10 (concerns about retaliation against her and her partner); Trinidad Garcia Decl. ¶¶ 6, 12 (describing her and her partner's affirmative asylum application and her concerns about retaliation).[1] Other Individual Plaintiffs are undocumented and fear being targeted for immigration consequences, including deportation, as a result of their participation in this lawsuit. *See* Maribel Decl. ¶ 9.

Individual Plaintiffs also fear retaliation from the public if they proceed under their own names, since immigration is a highly charged, politically sensitive issue. Individual Plaintiffs have expressed concerns that they could be targeted for harassment and intimidation for their participation in this suit. *See* Liza Decl. ¶ 9 ("I also am afraid that if my identity and involvement with this lawsuit were made public, private individuals may try to track me down and do harm to me or my family."); Trinidad Garcia Decl. ¶ 12 ("I am also scared of individuals in the public learning my name and trying to find me in order to harass me or cause me harm.").

---

[1] The declarations cited in this motion are all attached to Plaintiffs' motion for a temporary restraining order and preliminary injunction, Dkt. 2.

Individual Plaintiffs also fear a risk of harm to their non-party minor children, a factor which weighs particularly strongly in favor of pseudonymity. *See Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) (explaining that "fictitious names are often allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses" (cleaned up)). Recognizing the unique privacy interests that minors have, the Federal Rules provide special protection against the disclosure of the names of minor children. Fed. R. Civ. P. 5.2(a). Individual Plaintiffs' participation in this lawsuit could expose the identities of their minor children, born and unborn, and subject them to retaliation and harassment by the U.S. government and members of the public. *See N.C. by J.C. v. Bd. of Educ. of Baltimore Cnty.*, No. 1:24-CV-00367-JRR, 2024 WL 1856293, at *2 (D. Md. Apr. 29, 2024) (noting that "the risk of harm is implicit in exposure of a minor's sensitive information"). Juana, for example, fears that the government may retaliate against her 12-year-old daughter, who is a derivative on her petition for asylum, by denying her claim. *See* Juana Decl. ¶ 9. Maribel is concerned that if her real name is linked to this lawsuit, people will be able to identify her two young U.S. citizen daughters and they will face retaliation. *See* Maribel Decl. ¶¶ 3, 9. And all Individual Plaintiffs also fear that their participation in this lawsuit will reveal sensitive and private information about their unborn children, including information about those children's uncertain immigration status, subjecting them to the risk of retaliation and harm. *See, e.g.*, Liza Decl. ¶ 9 (explaining that she is worried about the safety of her unborn child should her name be attached to this lawsuit); Monica Decl. ¶ 11 (expressing a desire to protect the privacy of her unborn child); Trinidad Garcia Decl. ¶ 12 (expressing fear for her unborn child and their privacy).

Individual Plaintiffs' fears for themselves and their children are reasonable and well-

founded. During the previous Trump administration, the Second Circuit held that immigrant-rights activist Ravidath Ragbir had stated a claim under the First Amendment against the government (in that case, Immigration and Customs Enforcement) based on allegations that it had selectively enforced a deportation order against him in retaliation for his outspokenness against the government's immigration policies. *Ragbir v. Homan*, 923 F.3d 53, 57, 71 (2d Cir. 2019) ("A plausible, clear inference is drawn that Ragbir's public expression of his criticism, and its prominence, played a significant role in the recent attempts to remove him."), *vacated on other grounds sub nom. Pham v. Ragbir*, 141 S. Ct. 227 (2020). And as at least one court in this district has recognized, the "problematic immigration status" of plaintiffs or their family members is the type of highly sensitive and personal information that pseudonymity was intended to protect. *Int'l Refugee Assistance Project v. Trump*, No. CV TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017); *see also Lozano v. City of Hazelton*, 496 F. Supp. 2d 477, 511 (M.D. Pa. 2007) (holding that undocumented immigrants were permitted to proceed anonymously because of their "problematic immigration status," the disclosure of which "could lead to adverse legal consequences that go beyond the public disapprobation they face"), *aff'd in relevant part*, 620 F.3d 170 (3d Cir. 2010), *vacated and remanded on other grounds*, 563 U.S. 1030 (2011). Because their desire for anonymity stems from a desire to protect sensitive information about themselves and their children, and because they have legitimate fears of retaliation if that information were revealed, Individual Plaintiffs clearly satisfy the first three *James* factors.

The fact that the Defendants are government agencies and officers also weighs in favor of pseudonymity. Generally, courts are "less likely to grant a plaintiff permission to proceed

anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid" because private individuals have reputational interests that the government does not. *Doe v. Anne Arundel Cnty.*, No. 1:23-CV-03451-JRR, 2024 WL 2053719, at *3 (D. Md. May 8, 2024) (citation omitted). "Use of pseudonyms is more likely to be appropriate in cases challenging government activity because there is both arguably a public interest in a vindication of rights and a risk of stigmatization of the plaintiff, who often represents a minority interest." *IRAP*, 2017 WL 818255, at *3 (cleaned up). That is entirely true here. Individual Plaintiffs represent a minority interest, pregnant noncitizens, who risk retaliation and stigmatization for their participation in this suit. And they challenge an Executive Order, bringing claims only against government defendants, to vindicate their own rights and the rights of their children. The fourth *James* factor therefore supports their motion to proceed under a pseudonym.

Allowing Individual Plaintiffs to proceed under pseudonyms would also pose no risk of unfairness or prejudice to Defendants, satisfying the fifth *James* factor. Plaintiffs' sole claim is a legal one: that President Trump's Executive Order "Protecting the Meaning and Value of American Citizenship" violates both the Fourteenth Amendment and federal law. Defendants do not need to know Plaintiffs' identities in order to address their legal arguments. *See Lozano*, 496 F. Supp. 2d at 512 (allowing plaintiffs to remain anonymous to both the public and to the defendant, holding that the defendant had "less interest in the identity of the particular plaintiffs than in the resolution of the legal issues in this case"). All factors of the *James* test therefore weigh in favor of anonymity.

The public interest also weighs in favor of allowing Individual Plaintiffs to remain

anonymous. The purely legal nature of the case means that the public has "an atypically weak" interest in knowing the plaintiffs' identities, because that information is not relevant to the ability of members of the public to understand and follow the case. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006)); *see also Lozano*, 496 F. Supp. 2d at 512 ("The decision in this case does not turn on judgements about the credibility of particular witnesses, but instead on an assessment of the parties' legal arguments."). Although there may be some public interest in disclosure of a plaintiff's identity in suits against the federal government*, see Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014), that interest "is reduced" where "the claim is a pure legal challenge to [an] Executive Order, such that individual plaintiffs play only a minor role in the litigation," *IRAP*, 2017 WL 818255, at *3. And that interest is reduced even further in cases like this one, where "the public already has significant information about the parties . . . because there are two organizational plaintiffs . . . whose names have been disclosed." *Id.*

Indeed, allowing Individual Plaintiffs to proceed under a pseudonym would vindicate the public's interest in "testing the constitutionality" of the Executive Order. *Lozano*, 496 F. Supp. 2d at 512. "[W]here a plaintiff attacks government activity," and especially when he "represents a minority interest (and may be subject to stigmatization) . . . there is arguably a public interest in a vindication of his rights." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). Requiring Individual Plaintiffs to disclose their identities and thereby make themselves and their children possible targets for retaliation "could dissuade [them] from pursuing their rights in court," undermining that public interest. *IRAP*, 2017 WL 818255, at *2. "[W]hen the willingness to file suit is chilled by fear of retaliatory action, the public interest in seeing the suit move

forward on its merits outweighs the public interest in knowing the plaintiffs' names." *L.H. v. Schwarzenegger*, No. CIV. S-06-2042, 2007 WL 662463, at *18 (E.D. Cal. Feb. 28, 2007).

For the reasons stated above, the Court should permit Individual Plaintiffs to proceed under pseudonyms.

Respectfully submitted this January 21, 2025,


Nicholas Katz, Esq. (D. Md. 21920)
CASA, INC.
8151 15th Avenue
Hyattsville, MD 20783
240-491-5743
nkatz@wearecasa.org

Conchita Cruz*
Zachary Manfredi*
Asylum Seeker Advocacy Project
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 600-9910
conchita.cruz@asylumadvocacy.org
zachary.manfredi@asylumadvocacy.org

/s/Joseph W. Mead
Joseph W. Mead (D. Md. 22335)
Mary B. McCord (D. Md. 21998)
Rupa Bhattacharyya*
William Powell*
Alexandra Lichtenstein*
Gregory Briker*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
    AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 662-9765
Fax: (202) 661-6730
jm3468@georgetown.edu
mbm7@georgetown.edu
rb1796@georgetown.edu
whp25@georgetown.edu
arl48@georgetown.edu
gb954@georgetown.edu


*Attorneys for Plaintiffs*


*Motion for admission pro hac vice forthcoming.*

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 21, 2025, I electronically filed the foregoing with the Clerk

of the Court by using the CM/ECF system.  There is currently no Counsel of Record for Defendants.

I certify that I will serve the foregoing on Defendants.

*/s/ Joseph Mead*
Joseph Mead