IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASA, INC. *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>*Defendants*. | Case No.: 8:25-cv-00201-DLB<br>Honorable Deborah L. Boardman |

**PLAINTIFFS' UNOPPOSED MOTION TO PROVIDE REMOTE PUBLIC ACCESS TO COURTROOM AUDIO FOR THE FEBRUARY 5, 2025 HEARING**

Plaintiffs request that the Court authorize and provide for remote access to a live audio feed of the hearing on Plaintiffs' motion for a temporary restraining order and preliminary injunction, to be held on February 5, 2025. The motion for preliminary relief, and this lawsuit more generally, challenges the constitutionality of President Trump's Executive Order entitled "Protecting the Meaning and Value of American Citizenship." Plaintiffs are two associations with thousands of members whose future children may be covered by the Executive Order, as well as several pregnant women who fear for their unborn children's futures.

Under this Court's local rules, "no court proceeding may be photographed, video recorded, audio recorded, broadcast, televised, or otherwise transmitted," "[u]nless otherwise ordered by the Chief Judge." D. Md. Local Rule 506. There are good reasons for such an order here. During the COVID-19 public health emergency, courts, including this Court, leveraged technology to allow

1

greater remote access to court proceedings for both parties and members of the public.[1] Other courts, such as the United States District Court for the District of Columbia, continue to provide regular live audio access to civil proceedings.[2]

In 2023, following a pilot program that demonstrated that "there were limited technical or administrative challenges related to livestreaming or making streamed recordings available publicly,"[3] the Judicial Conference of the United States amended its policy to endorse live audio streaming of civil matters in circumstances like that present here. Judicial Conference of the United States, *Guide to Judicial Policy* § 420.[4] Under the revised policy, "a judge presiding over a civil or bankruptcy non-trial proceeding may, in the judge's discretion, authorize live remote public audio access to any portion of that proceeding in which a witness is not testifying." *Id*. When allowing broadcast of court proceedings, the Court should ensure that the broadcast will:

> (1) be consistent with the rights of the parties;
> (2) not unduly distract participants in the proceeding;
> (3) include measures, consistent with the parties' responsibilities, to safeguard confidential, sensitive, or otherwise protected information; and
> (4) not otherwise interfere with the administration of justice.

---

[1] *E.g.*, National Center for State Courts, *The Use of Remote Hearings in Texas State Courts: The Impact on Judicial Workload: Final Report* ii, 9–11 (Dec. 2021), https://perma.cc/V87P-BXDD (finding "definite benefits for expanding access to justice for many litigants" including "Remote hearings may also expand access to courts for witnesses, victims, experts, and other court stakeholders who live in remote locations or who fear for their safety in court."); Honorable Samuel A. Thumma et al., *Post-pandemic Recommendations: COVID-19 Continuity of Court Operations During a Public Health Emergency Workgroup*, 75 SMU L. Rev. F. 1, 13 (2022), https://scholar.smu.edu/cgi/viewcontent.cgi?article=1039&context=smulrforum.
[2] *See* United States District Court for the District of Columbia, Public Access Teleconference Information, https://www.dcd.uscourts.gov/public-access-teleconference-information.
[3] U.S. Courts, *History of Cameras, Broadcasting, and Remote Public Access in Courts*, https://www.uscourts.gov/court-records/access-court-proceedings/remote-public-access-proceedings/history-cameras-broadcasting-and-remote-public-access-courts,
[4] Available at https://www.uscourts.gov/sites/default/files/2024-12/guide-vol10-ch04.pdf

*Id.* "While the policy conclusions of the Judicial Conference may not be binding on the lower courts, they are 'at the very least entitled to respectful consideration.'" *Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010).

Plaintiffs ask the Court, in coordination with the Chief Judge pursuant to the District's Local Rules, to exercise its discretion to allow remote audio access for the argument to be held on February 5, 2025. This is a civil case, and no witness will testify at the hearing. Far from jeopardizing any litigants' rights, providing remote access will allow many of the hundreds of thousands of members of CASA and ASAP—as well as the individual plaintiffs—to hear arguments that significantly affect their and their families' lives. Indeed, remote access is particularly vital for the litigants in this case. Because CASA and ASAP members are spread across the country, it is impracticable for many of them to travel for the hearing. Travel will be especially difficult, if not impossible,[5] for the pregnant members expecting to give birth over the coming weeks. Even those located within traveling distance may not feel safe visiting the Courthouse in person in light of Immigration and Customs Enforcement's (ICE's) January 21, 2025 Directive, which allows ICE agents to take immigration enforcement actions "in or near" courthouses.[6]

Moreover, the public at large has an interest in these proceedings. President Trump himself described the Executive Order as "a big one," and both the Executive Order and lawsuits challenging it (including this one) have generated significant media coverage. The public's right to access court proceedings is especially heightened in a case of significant public importance like

---

[5] Barbara Woolsey, *Here are 14 major airlines' policies for flying pregnant*, USA Today (Aug. 8, 2015), https://www.usatoday.com/story/travel/roadwarriorvoices/2015/08/08/here-are-14-major-airlines-policies-for-flying-pregnant/83846106/.
[6] Immigration and Customs Enforcement, *Protected Areas and Courthouse Arrests* (last accessed Jan. 28, 2025), https://perma.cc/4KM3-HYV5.

this, and allowing remote audio access will facilitate the public's interest in observing court proceedings. *Cf. Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) ("It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings."); *Ctr. for Const. Rts. v. Lind*, 954 F. Supp. 2d 389, 400 (D. Md. 2013) (noting that decisions about public access are "best left to the sound discretion of the trial court" (internal quotation marks omitted)).

Providing access to live audio will not distract participants in the proceeding, and Plaintiffs anticipate that there will be no confidential or sensitive information associated with a publicly identifiable person discussed during the hearing.

Undersigned counsel contacted counsel for the Defendants who indicated that Defendants do not oppose the motion.

For these reasons, Plaintiffs respectfully request that the Court and the Chief Judge exercise their discretion and provide live audio streaming of the hearing on February 5, 2025.

Respectfully submitted this January 29, 2025,

Nicholas Katz, Esq. (D. Md. 21920)
CASA, INC.
8151 15th Avenue
Hyattsville, MD 20783
240-491-5743
nkatz@wearecasa.org

Conchita Cruz*
Zachary Manfredi*
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 600-9910
conchita.cruz@asylumadvocacy.org
zachary.manfredi@asylumadvocacy.org

/s/Joseph W. Mead
Joseph W. Mead (D. Md. 22335)
Mary B. McCord (D. Md. 21998)
Rupa Bhattacharyya*
William Powell*
Alexandra Lichtenstein*
Gregory Briker*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
  AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 662-9765
Fax: (202) 661-6730
jm3468@georgetown.edu
mbm7@georgetown.edu
rb1796@georgetown.edu
whp25@georgetown.edu
arl48@georgetown.edu
gb954@georgetown.edu

*Attorneys for Plaintiffs*

*Admitted pro hac vice.*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ Joseph W. Mead*
Joseph W. Mead
