# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| CASA, INC., *et al.*,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　　　　　Defendants. | Case No. 8:25-cv-00201-DLB<br><br>Honorable Deborah L. Boardman |

**UNOPPOSED MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF BY THE IMMIGRATION REFORM LAW INSTITUTE IN SUPPORT OF DEFENDANTS AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF**

In accordance with Fed. R. Civ. P. 7, *amicus* Immigration Reform Law Institute ("IRLI") respectfully seeks this Court's leave to file the accompanying *amicus curiae* brief in support of Defendants and in opposition to Plaintiffs' pending motions for injunctive relief. Counsel for *amicus* IRLI has conferred with counsel for all parties, and no party opposes the request for leave. In furtherance of this motion, *amicus* IRLI states as follows:

　　　1.　　IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by

IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

    2.    "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to to support IRLI's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an

amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

3. IRLI's proffered brief will bring the following relevant matters to the Court's attention:

- Under Supreme Court precedent, birthright citizenship depends on birth in the United States to a United States resident who, at that time, both had permission to be in the United States and who owed direct and immediate allegiance to the United States.

- The Executive Order is consistent with Supreme Court precedent and the Citizenship Clause of the Fourteenth Amendment at least insofar as it applies to children born in the United States whose parents are either illegal aliens or temporary visitors, and Plaintiffs' facial challenge must therefore fail.

- Granting injunctive relief is contrary to the public interest in that it would reward and incentivize illegal immigration and birth tourism.

5. Because these issues are relevant to this Court's decision on Plaintiffs' motions for injunctive relief, IRLI's brief may aid the Court.

//

//

//

3

For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying brief as *amicus curiae*.

Dated: January 31, 2025                                  Respectfully submitted,

s/ Dan Stein
DANIEL A. STEIN
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
(202) 328-8623
dstein@fairus.org

CHRISTOPHER J. HAJEC*
D.C. Bar No. 492551
GABRIEL R. CANAAN*
D.C. Bar No. 90025172
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
(202) 232-5590
chajec@irli.org
gcanaan@irli.org

* pending *pro hac vice* admission

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

## **CERTIFICATION OF SERVICE**

I hereby certify that on January 31, 2025, the foregoing was served on all counsel of record via the Court's ECF system.

                                                s/ Dan Stein
                                                DANIEL A. STEIN