# COMMENTARIES

ON THE

# CONFLICT OF LAWS,

FOREIGN AND DOMESTIC,

IN REGARD TO

## CONTRACTS, RIGHTS, AND REMEDIES,

AND ESPECIALLY IN REGARD TO

MARRIAGES, DIVORCES, WILLS, SUCCESSIONS, AND JUDGMENTS.

By JOSEPH STORY, LL. D.,

DANE PROFESSOR OF LAW IN HARVARD UNIVERSITY.

"Il régnera donc toujours entre les nations une contrariété perpétuelle de loix; peutêtre régnera-t-elle perpétuellement entre nous sur bien des objets. Delà la nécessité de s'instruire des règles, et des principes, qui peuvent nous conduire dans la décision des questions, que cette variété peut faire naître."
*Boullenois, Traité de la Personalité, &c. des Loix, Préface.*

BOSTON:
HILLIARD, GRAY, AND COMPANY.
1834.

Entered according to the act of Congress, in the year one thousand eight hundred and thirty-four,
by JOSEPH STORY,
in the Clerk's office of the District Court of the District of Massachusetts.

CAMBRIDGE:
CHARLES FOLSOM,
PRINTER TO THE UNIVERSITY.

Case 8:25-cv-00201-DLB   Document 46-8   Filed 02/03/25   Page 3 of 13

## CHAPTER III.

### NATIONAL DOMICIL.

§ 39. HAVING disposed of these preliminary considerations, it is proposed, in the further progress of these Commentaries, to examine the operation and effect of foreign laws; first, in relation to persons, their capacity, state, and condition; secondly, in relation to contracts; thirdly, in relation to property, personal, mixed, and real; fourthly, in relation to wills, successions, and distributions; fifthly, in relation to persons acting *in autre droit*, such as guardians, executors, and administrators; sixthly, in relation to remedies and judicial sentences; seventhly, in relation to penal laws and offences; and eighthly, in relation to evidence and proofs.

§ 40. As, however, in all the discussions upon this subject, perpetual reference will be made to the domicil of the party, it may be proper to ascertain, what is the true meaning of the term "domicil"; or rather, what constitutes the national domicil of a party, according to the understanding of publicists and jurists.

§ 41. By the term "domicil," in its ordinary acceptation, is meant the place, where a person lives, or has his home. In this sense the place, where a person has his actual residence, inhabitancy, or commorancy, is sometimes called his domicil. In a strict and legal sense, that is properly the domicil of a person, where he has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning, (*animus revertendi.*)[1]

---

[1] Dr. Lieber's Encyc. Americ. art. *Domicil.*

Case 8:25-cv-00201-DLB   Document 46-8   Filed 02/03/25   Page 4 of 13

§ 42. In the Roman law it is said, "there is no doubt, that every person has his domicil in that place, which he makes his family residence and principal place of his business; from which he does not depart, unless some business requires; when he leaves it, he deems himself a wanderer; and when he returns to it, he deems himself no longer abroad." *In eodem loco singulos habere domicilium non ambigitur, ubi quis larem rerumque ac fortunarum summam constituit; unde cursus non sit discessurus, si nihil avocet; unde cum profectus est, peregrinari videtur; quod si rediit, peregrinari jam destitit.*[1] "And again the place, which is the principal seat of the fortunes or property, which any person possesses, is deemed his domicil." *Domicilium facit potissimum sedes fortunarum suarum, quas quis in aliquo loco habet.* And in another place it is said, "If any one always carries on his business, not in a colony, but in a municipality, or city, where he buys, sells, and contracts; where he makes use of, and attends the forum, the public baths, and public shows; where he celebrates the holidays, and enjoys all municipal privileges, and none in the colony; he is deemed there to have his domicil, rather than in the place (colony), in which he sojourns for purposes of agriculture." *Si quis negotia sua non in coloniâ, sed in municipio semper agit, in illo vendit, emit, contrahit, eo in foro, balneo, spectaculis utitur, ibi festos dies celebrat; omnibus denique municipii commodis, nullis coloniarum, fruitur; ibi magis habere domicilium, quam ubi colendi causâ diversatur.*[2] And again, "He is deemed an inhabi-

---

[1] Cod. Lib. 10, tit. 39, l. 7; Pothier, Pand. Lib. 50, tit. 1, § 2, n. 15, p. 308.
[2] Dig. Lib. 50, tit. 1, l. 27; Pothier, Pand. Lib. 50, tit. 1, § 2, art. 2, n. 18; 2 Domat, Public Law, B. 1, tit. 16, § 3, art. 4.

Case 8:25-cv-00201-DLB    Document 46-8    Filed 02/03/25    Page 5 of 13

tant, who has his domicil, in any place, and whom the Greeks call πάροικον, that is to say, a neighbour, or person inhabiting near to a village. For those are not alone to be deemed inhabitants, who dwell in a town; but those also, who cultivate grounds near its limits, so that they conduct themselves, as if their place of abode were there." *Incola est qui aliquâ regione domicilium suum contulit, quem Græci πάροικον (id est,* juxta habitantem.) *appellant. Nec tantum hi, qui in oppido morantur, incolæ sunt; sed etiam, qui alicujus oppidi finibus agrum habent, ut in eum se, quasi in aliquam sedem, recipiant.*[1] Some, at least, of these are more properly descriptions, than definitions of domicil.

§ 43. The French jurists have defined it to be the place, where a person has his principal establishment. Thus Denizart says, "The domicil of a person is the place, where a person enjoys his rights, and establishes his abode, and makes the seat of his property." *Le domicile est le lieu, où une personne jouissant de ses droits, établit sa demeure et la siége de sa fortune.*[2] The Encyclopedists say, " that it is, properly speaking, the place, where one has fixed the centre of his business." *C'est, à proprement parler, l'endroit où l'on a placé le centre de ses affaires.*[3] Pothier says, " It is the place, where a person has established the principal seat of his residence and of his business." *C'est le lieu où une personne à etabli la siége principale de sa demeure et de ses affaires.*[4] And the modern French Code declares, that the domicil of every Frenchman,

---

[1] Dig. Lib. 50, tit. 16, 1. 239, § 2; Id. 1. 203; Pothier, Pand. Lib. 50, tit. 1, § 2, art. 1, n. 16.
[2] Denizart, art. *Domicil.*
[3] Encyclop. Moderne, art. *Domicil.*
[4] Pothier, Cout. d'Orléans, ch. 1, § 1, art. 8.

as to the exercise of civil rights, is the place, where he has his principal establishment, *(est le lieu, où il à son principal établissement.)*[1] Vattel has defined domicil to be a fixed residence in any place with an intention of always staying there.[2] But this is not an accurate statement. It would be more correct to say, that that place is properly the domicil of a person, in which his habitation is fixed, without any present intention of removing therefrom.[3]

§ 44. Two things, then, must concur to constitute domicil; first, residence; and secondly, (intention of making it the home of the party.) There must be the fact, and the intent; for, as Pothier has truly observed, a person cannot establish a domicil in a place, except it be *animo et facto*.[4] And in many cases actual residence is not indispensable to retain a domicil, after it is once acquired; but it is retained, *animo solo*, by the mere intention not to change it, or adopt another. If, therefore, a person leave his home for temporary purposes, but with an intention to return to it, this change of place is not in law a change of domicil. Thus, if a person go on a voyage to sea, or to a foreign country, for health, or pleasure, or business of a temporary nature, with an intention to return, such transitory residence does not constitute a new domicil, or amount to an abandonment of the old one; for it is not the mere act of inhabitancy in a place, which makes it the domicil, but the fact coupled with the intention of remaining there, *animo manendi*.[5]

---

[1] Cod. Civ. art. 102. See also Merlin, Répert. art. *Domicil*.

[2] Vattel, B. 1, ch. 19, § 22.

[3] Dr. Lieber's Encyc. Amer. *Domicil*; 10 Mass. R. 488.

[4] Pothier, Cout. d'Orléans, ch 1, § 1, art. 9. See Scrimshire *v.* Scrimshire, 2 Hagg. Ecc. R. 405, 406.

[5] Pothier, Cout. d'Orléans, ch. 1, § 1, art. 9; Encyclop. Amer. art. *Domicil*; Cochin, Œuvres, Tom. 5, p. 4, 5, 6.

§ 45. It is sometimes a matter of great difficulty to decide, in what place a person has his domicil. The residence is often of a very equivocal nature; and the intention still more obscure.[1] Both are sometimes to be gathered from slight circumstances of mere presumption, and conflicting acts. An intention of permanent residence may often be engrafted upon an inhabitancy for a special or fugitive purpose.[2] And, on the other hand, an intention to change the domicil may be fully announced, and yet no correspondent change of inhabitancy be actually made.[3] *Domicilium re et facto transfertur, non nudâ contestatione.*[4] The Roman lawyers were themselves greatly puzzled by cases upon this subject of an equivocal nature; and Ulpian, and Labeo, and others, held different opinions respecting them.[5] Thus, to the question, where a person had his domicil, who did his business equally in two places, Labeo answered, that he had no domicil in either place. But other jurists, and among them was Ulpian, were of opinion, that a man might in such a case have two domicils, one in each place. Celsus seems to have thought, that, in such a case, which place was the domicil of the party depended upon his own choice and intention. And Julian doubted, whether, if he had no fixed choice, and intention, he could have two domicils.[6]

---

[1] Pothier, Cout. d'Orléans, ch. 1, art. 20 ; Merlin, Répertoire, *Domicil*, § 2, 6 ; Bouhier, Cout. de Bourg. ch. 22, § 196 to 206.

[2] The Harmony, 2 Robinson R. 322, 324; Pothier, Cout. d'Orléans, ch. 1, art. 15.

[3] See Harvard College *v.* Gore, 5 Pick. R. 370.

[4] Dig. Lib. 50, tit. 1, l. 20.

[5] Dig. Lib. 50, tit. 1, l. 5, b. 27 ; Pothier, Pand. Lib. 50, tit. 1, § 2, art. 1, n. 16 ; Id. art. 2.

[6] Dig. Lib. 50, tit. 1, l. 5, 27 ; Pothier, Pand. Lib. 50, tit. 1, § 2, art. 2, n. 2 ; Somerville *v.* Somerville, 5 Vesey, 750, 786, 790 ; 2 Domat, Public Law, B. 1, tit. 16, § 3, p. 462 ; Id. art. 6.

§ 46. Without speculating upon all the various cases, which may be started upon this subject, it may be useful to collect together some of the more important rules, which have been generally adopted, as guides in cases of most familiar occurrence. First, the place of birth of a person is considered as his domicil, if it is at the time of his birth the domicil of his parents. *Patris originem unusquisque sequitur.*[1] This is usually denominated the domicil of nativity, *domicilium originis*. But, if the parents are then on a visit, or on a journey (*in itinere*), the home of the parents (at least if it is in the same country) will be deemed the domicil of nativity.[2] If he is an illegitimate child, he follows the domicil of his mother. *Ejus, qui justum patrem non habet, prima origo a matre.*[3] Secondly, the domicil of birth of minors continues, until they have obtained a new domicil. Thirdly, minors are generally deemed incapable, *proprio marte*, of changing their domicil during their minority; and therefore retain the domicil of their parents; and if the parents change their domicil, that of the infant children follows it; and if the father dies, his last domicil is that of the infant children.[4] *Placet etiam filiumfamilias domicilium habere posse, non utique ibi, ubi pater habuit, sed ubicunque ipse constituit.*[5] Fourthly,

---

[1] Cod. Lib. 10, tit. 31, l. 36; 2 Domat, Public Law, B. 1, tit. 16, § 3, art. 10; 1 Boullenois, Observ. 4. p. 53. See Scrimshire *v.* Scrimshire, 2 Hagg. Eccl. R. 405, 406; Cochin, Œuvres, Tom. 5, p. 5, 6; Id. 698.

[2] Dr. Lieber's Encyc. Amer. art. *Domicil;* Pothier, Cout. d'Orléans, ch. 1, art. 10, 12; Somerville *v.* Somerville, 5 Vesey, 750, 787; 1 Boullenois, Observ. 4, p. 53.

[3] Dig. Lib. 50, tit. 1, l. 9.

[4] Id.; Pothier, Cout. d'Orléans, ch. 1, art. 12, 16; 2 Domat, Public Law, B. 16, tit. 16, § 3, art. 10; Guier *v.* O'Daniel, 1 Binn. R. 349, 351.

[5] Dig. Lib. 50, tit. 1, l. 3, 4. — Whether a guardian, or father can change the domicil of a minor, or idiot, or insane person, under his

a married woman follows the domicil of her husband. This results from the general principle, that a person, who is under the power and authority of another, possesses no right to choose a domicil.[1] *Mulierem, quamdiu nupta est, incolam ejusdem civitatis videri, cujus maritus ejus est.*[2] Fifthly, a widow retains the domicil of her deceased husband, until she obtains another. *Vidua mulier amissi mariti domicilium retinet.*[3] Sixthly, *primâ facie*, the place, where a person lives, is taken to be his domicil, until other facts establish the contrary.[4] Seventhly, every person of full age, having a right to change his domicil, it follows, that if he removes to another place, with an intention to make it his permanent residence (*animo manendi*), it becomes instantaneously his place of domicil.[5] Eighthly, if a person has actually removed to another place, with an intention of remaining there for an indefinite time, and as a place of present domicil, it becomes his place of domicil, notwithstanding he may entertain a

---

charge, has been matter of doubt, upon which different opinions have been expressed by jurists. In the affirmative there may be found among others, Bynkershoeck, Boullenois, Bretannier. In the negative Pothier, and Mornac.— See Pothier, Coutumes d'Orléans, ch. 1, art. 17. Bynker. Quæst. Privat. Juris, Lib. 1, ch. 16; Merlin, Répertoire, *Domicil*, § 5, art. 2, 3; Boullenois, Quest. de la Contrariété des Lois, Quest. 2 p. 40, edit. 1732. See also Guier *v.* O'Daniel, 1 Binn. R. 349, note. Somerville *v.* Somerville, 5 Ves. 750, 787; Potinger *v.* Wightman, 3 Merivale R. 67; Cutts *v.* Haskins, 9 Mass. R. 543; Holyoke *v.* Haskins, 5 Pick. R. 20.

[1] Dr. Lieber's Encyc. Amer. *Domicil*; Pothier, Cout. d'Orléans, ch. 1, art. 10; 2 Domat, Public Law, B. 1, tit. 16, § 3, art. 11, 13; Merlin, Répertoire, *Domicil*, § 5.

[2] Dig. Lib. 50, tit. 1, l. 38, § 3; Id. Lib. 5, tit. 1, l. 65; 2 Domat, Public Law, B. 1, tit. 16, § 3, art. 12.

[3] Dig. Lib. 50, tit. 1, l. 22, § 1.

[4] Bruce *v.* Bruce, 2 Bos. and Pull. 228, note; Id. 230; Bempde *v.* Johnstone, 3 Ves. 198, 201; Stanley *v.* Bernes, 3 Hagg. Eccles. R. 374, 437.

[5] Pothier, Cout. d'Orléans, ch. 1, art. 13.

floating intention to return at some future period.[1] Ninthly, the place, where a married man's family resides, is generally to be deemed his domicil.[2] But it may be controlled by circumstances; for if it is a place of temporary establishment for his family, or for transient objects, it will be otherwise.[3] Tenthly, if a married man has his family fixed in one place, and he does his business in another, the former is considered the place of his domicil.

§ 47. Eleventhly, if a married man has two places of residence at different times of the year, that will be esteemed his domicil, which he himself selects, or describes, or deems, to be his home, or which appears to be the centre of his affairs, or where he votes, or exercises the rights and duties of a citizen.[4] Twelfthly, if a man is unmarried, that is generally deemed the place of his domicil, where he transacts his business, exercises his profession, or assumes municipal duties or privileges.[5] But this rule is of course subject to some qualifications in its application.[6] Thirteenthly, residence in a place, to produce a change of domicil, must be voluntary. If, therefore, it be by constraint or involuntarily, as by banishment, arrest, or imprisonment, the antecedent domicil of the party remains.[7] Fourteenthly, mere intention to acquire a

---

[1] Bruce v. Bruce, 2 Bos. and Pull. 228, note; Id. 230; Stanley v. Bernes, 3 Hagg. Eccles. R. 374.

[2] Pothier, Cout. d'Orléans, ch. 1, art. 20; Bempde v. Johnstone, 3 Ves. 198, 201.

[3] Pothier, Cout. d'Orléans, ch. 1, art. 15.

[4] Pothier, Cout. d'Orléans, ch. 1, art. 20; Somerville v. Somerville, 5 Ves. 750, 788, 789, 790; Harvard College v. Gore, 5 Pick. R. 370; Cochin, Œuvres, Tom. 3, p. 702.

[5] Somerville v. Somerville, 5 Ves. 750, 788, 789.   [6] Id.

[7] 2 Domat, Public Law, B. 1, tit. 16, § 3, art. 14; Merlin, Répertoire, *Domicil*, § 4, art. 3; Bempde v. Johnstone, 3 Ves. 198, 202.

Case 8:25-cv-00201-DLB    Document 46-8    Filed 02/03/25    Page 11 of 13

new domicil without the fact of removal avails nothing; neither does the fact of removal without the intention. Fifteenthly, presumptions from circumstances will not prevail against positive facts, which fix, or determine the domicil.[1] Sixteenthly, a domicil once acquired remains, until a new one is acquired.[2] It is sometimes laid down, that a person may be without any domicil; as if he quits a place with an intent to fix in another place, it is said, that while he is *in transitu,* he has no domicil. Julian, in the Roman law, has so affirmed. *Si quis domicilio relicto naviget, vel iter faciat, quærens quo se conferat, atque ubi constituat; hunc puto sine domicilio esse.*[3] But the more correct principle would seem to be, that the original domicil is not gone, until a new one has been actually acquired, *facto et animo.*[4] Seventeenthly, if a man has acquired a new domicil, different from that of his birth, and he removes from it with an intention to resume his native domicil, the latter is re-acquired, even while he is on his way, *in itinere,* for it reverts from the moment the other is given up.[5]

§ 48. The foregoing rules principally relate to changes of domicil from one place to another within the same country, although many of them are applicable to residence in different countries. In respect to the

---

[1] Dr. Lieber, Encyc. Amer. *Domicil.*

[2] Somerville *v.* Somerville, 5 Ves. 750, 787; Merlin, Répertoire, *Domicil,* § 2; Harvard College *v.* Gore, 5 Mass. R. 370; Cochin, Œuvres, Tom. 5, p. 5, 6.

[3] Dig. Lib. 50, tit. 1, l. 27, § 2; 2 Domat, Public Law, B. 1, tit. 16, § 3, art. 9.

[4] See Jennison *v.* Hapgood, 10 Pick. R. 77; Bruce *v.* Bruce, 2 Bos. and Pull. 228; Cochin, Œuvres, Tom. 5, p. 5, 6.

[5] The Indian Chief, 3 Rob. 12; La Virginie, 5 Rob. 98. — On the subject of Domicil the learned reader is referred to Fergusson on Marriage and Divorce, Appendix, p. 277 to 362; and Henry on Foreign Law, Appendix A. p. 181, &c.; Cochin, Œuvres, Tom. 5, p. 4, 5, 6; Ex parte Wrigby, 8 Wend. R. 134.

latter, there are certain principles, which have been generally recognised by tribunals, administering public law, as of unquestionable authority. First — Persons, who are born in a country, are generally deemed citizens and subjects of that country. A reasonable qualification of this rule would seem to be, that it should not apply to the children of parents, who were *in itinere* in the country, or abiding there for temporary purposes, as for health, or occasional business. It would be difficult, however, to assert, that in the present state of public law such a qualification is universally established. Secondly — Foreigners, who reside in a country for permanent or indefinite purposes, *animo manendi*, are treated universally as inhabitants of that country.[1] Thirdly — A national character, acquired in a foreign country by residence, changes, when the party has left the country *animo non revertendi;* and if he be *in itinere* to his native country with that intent, his native domicil revives. The moment a foreign domicil is abandoned, the native domicil is re-acquired. But a mere return to the native country, without an intent to abandon the foreign domicil, does not work any change of domicil.[2] Fourthly — Ambassadors and other foreign ministers retain their domicil in the country, which they represent, and to which they belong. But a different rule generally applies to Consuls, and other commercial agents, who are presumed to remain in a country for purposes of trade, and therefore acquire a domicil, where they

---

[1] Vattel, Lib. 1, ch. 19, § 213.
[2] The Venus, 8 Cranch, 278, 281; The Frances, 8 Cranch, 335; The Indian Chief, 3 Rob. 12; Bempde *v.* Johnstone, 3 Ves. 198, 202; The Friendschaft, 3 Wheaton R. 14; Ommany *v.* Bingham, cited 5 Ves. jr. 756, 757, 765.

reside.[1] Fifthly — Children born upon the sea are deemed to belong, and have their domicil in the country, to which their parents belong.[2]

§ 49. From these considerations and rules the general conclusion may be deduced, that domicil is of three sorts; domicil by birth, domicil by choice, and domicil by operation of law. The first is the common case of the place of birth, *domicilium originis;* the second is that, which is voluntarily acquired by a party, *proprio marte.* The last is consequential, as that of the wife arising from marriage.[3]

---

[1] Vattel, B. 1, ch. 19, § 217; The Indian Chief, 3 Rob. 13, 27; The Josephine, 4 Rob. 26.

[2] Vattel, B. 1, ch. 19, § 216; Dr. Lieber's Encyc. Amer. art. *Domicil.*

[3] Pothier, Cout. d'Orléans, ch. 1, art. 12. — Whoever wishes to make more extensive researches upon this subject may consult Denizart's Dictionary, art. *Domicil.* Encyclopédie Moderne, tom. 10, art. *Domicil.* Merlin, Répertoire, *Domicil;* 2 Domat (by Strahan), p. 484, Lib. 1, tit. 16, § 3, of Public Law; Dig. Lib. 50, tit. 1, per tot.; Cod. Lib. 10, tit. 30, l. 2 to l. 7; Voet. ad Pandect. Lib. 5, tit. 1, § 90 to 92; Bynkershoeck, Quæst. Priv. Juris. Lib. 1, ch. 11, and the authorities cited in Dr. Lieber's Encyclopedia Americana, *Domicil;* Henry on Foreign Law, Appendix A, on *Domicil,* p. 181, &c. to p. 209.