# A DIGEST

OF

# THE INTERNATIONAL LAW

OF THE

# UNITED STATES,

TAKEN FROM

## DOCUMENTS ISSUED BY PRESIDENTS AND SECRETARIES OF STATE,

AND FROM

## DECISIONS OF FEDERAL COURTS AND OPINIONS OF ATTORNEYS-GENERAL.

EDITED BY

## FRANCIS WHARTON. LL. D.,

AUTHOR OF A TREATISE ON CONFLICT OF LAWS, AND OF COMMENTARIES ON AMERICAN LAW.

IN THREE VOLUMES.



[SECOND EDITION.]

VOLUME II.

WASHINGTON:
GOVERNMENT PRINTING OFFICE.
1887.

LLMC DIGITAL

under the provisions of the aforesaid convention, Francois A. Heinrich should be held by the United States to be an Austrian subject, and treated as such; that he is not an American citizen, and consequently not entitled to protection from this Government.

" Following this opinion of the Attorney-General, the undersigned has the honor in reply to the question addressed to him by Baron Lederer, in his note of the 6th of April last, to say that Francois A. Heinrich is not, and will not be, regarded as a citizen of the United States, so long as he remains within the jurisdiction of the Austro-Hungarian dominion."

> Mr. Fish, Sec. of State, to Baron Lederer, Dec. 24, 1872.   MSS. Notes, Austria; For. Rel., 1873.

So far as concerns our own local law, a child born in the United States to a British subject, is a citizen of the United States.

> Mr. Fish, Sec. of State, to Mr. Ellis, Apr. 14, 1873.   MSS. Dom. Let.

The minor child of a Spaniard, born in the United States and while in the United States, or in any other country than Spain, is a citizen of the United States.  " The United States has, however, recognized the principle that persons although entitled to be deemed citizens by its laws, may also, by the law of some other country, be held to allegiance in that country."

> Mr. Fish, Sec. of State, to Mr. Cushing, Feb. 16, 1877.   MSS. Inst., Spain.

"The Constitution provides that all persons born or naturalized in the United States *and subject to the jurisdiction* thereof, are citizens of the United States.  Congress has declared by law that the right of expatriation is inherent and inalienable to all citizens of the Republic.  In Speck's case, while it is true that the boy by virtue of his nativity, may claim citizenship of the United States, yet his father being an alien and continuing to remain a Swiss citizen and having removed the boy Joseph, while a minor, without the jurisdiction of the United States, his status, as well as his domicil, according to well-understood principles of international and municipal law, follows that of the father until the boy attains his majority.  Should he, after reaching the age of twenty-one years, voluntarily return to the United States, and make it his permanent home, asserting the right of citizenship in virtue of his nativity, his political status would then be determined according to the law and circumstances of the case."

> Mr. F. W. Seward, Acting Sec. of State, to Mr. Fish, Aug. 20, 1878.   MSS. Inst., Switz.

A child who, born in the United States to French parents, goes in his minority to France, and there remains voluntarily after he has become of full age, may be held to have abjured his American nationality.

> Mr. Evarts, Sec. of State, to Mr. Noyes, Dec. 31, 1878.   MSS. Inst., France.   See Mr. Evarts to Mr. Hitt, Feb. 13, 1880; *ibid.*

LLMC DIGITAL

Sons born, in this country, to a German here naturalized, are, though they were taken back for a few years during their minority to Germany, citizens of the United States, they having returned to this country before arriving at full age, and electing it as their domicil when arriving at full age. It follows from this "that any property which they may now possess in the German dominions, and any property which they may hereafter acquire in that country * * * must be held to be free from liability on grounds arising from their refusal to submit themselves to that Government for the performance of military service."

>Mr. Evarts, Sec. of State, to Mr. White, June 6, 1879. MSS. Inst., Germ. For further proceedings in this case, see Mr. Evarts to Mr. White, July 28, 1880; *ibid.* Mr. Frelinghuysen to Mr. Evarts, Feb. 15, 1882; *ibid.* Mr. Frelinghuysen to Mr. Kasson, Feb. 7, 1885; *ibid.*

Minor children, born in this country to naturalized citizens, afterwards temporarily visiting Germany, are entitled to passports to return to the United States on the eve of their coming of age.

>Mr. Evarts, Sec. of State, to Mr. White, Apr. 23, 1880. MSS. Inst., Germ.

A person born in the United States has a right, though he has intermediately been carried abroad by his parents, to elect the United States as a nationality when he arrives at full age.

>Mr. Evarts, Sec. of State, to Mr. Cramer, Nov. 12, 1880. MSS. Inst., Denmark. See Mr. Evarts to Mr. Hitt, Feb. 10, 1880. MSS. Inst., France.

The child born to an alien in the United States loses his citizenship on leaving the United States and returning to his parent's allegiance.

>Mr. Blaine, Sec. of State, to Mr. O'Neill, Nov. 15, 1881. MSS. Dom. Let.

A child born in this country to a German subject is subject, if he put himself in German jurisdiction, to German laws.

>Mr. Frelinghuysen, Sec. of State, to Mr. O'Neill, Aug. 8, 1882. MSS. Dom Let.

A child born in this country to a foreign father, when taken by his father abroad, acquires the father's domicil and nationality.

>Mr. Frelinghuysen, Sec. of State, to Mr. Cramer, June 4, 1883. MSS. Inst., Switz.

"Your No. 36, of the 13th of October last, reports your recent action upon two naturalization cases, concerning which you desire the supervisory consideration of this Department.

"The first case, of Ludwig Hausding, appears to have been decided according to the law and the facts. It is stated that having been born in the United States of a Saxon subject, he was removed to his father's native land, where he has ever since remained, although his father has subsequently become a citizen of the United States. You refused a passport on the ground that the applicant was born of Saxon subjects, temporarily in the United States, and was never "dwelling in the United States," either at the time of or since his parent's naturalization, and

397

that he was not, therefore, naturalized by force of the statute, section 2172, Revised Statutes.

"It does not appear from your statement whether Wilhelm Hausding, the father, had declared his intention to become an American citizen before the birth of Ludwig. While this, if it were established, would lend an appearance of hardship to an adverse decision upon his claim to be deemed a citizen, yet, even in this case, as the statutes stand, your decision would conform to the letter of the law, section 2168, which admits to citizenship, on taking the oath prescribed by law, the widow and children of an alien who has declared his intention but dies before completing his naturalization. By providing for special exemption excludes the idea of any other exemption, as for instance in the case of the non-completion of the father's naturalization before the permament removal of the minor son from the jurisdiction of the United States.

"Not being naturalized by force of the statute, Ludwig Hausding could only assert citizenship on the ground of birth in the United States; but this claim would, if presented, be untenable, for by section 1992, Revised Statutes, it is made a condition of citizenship by birth that the person be not subject to any foreign power.

"This last consideration serves also to answer the 'quære' which you annex to your statement of the Hausding case. You ask: 'Can one born a foreign subject, but within the United States, make the option after his majority, and while still living abroad, to adopt the citizenship of his birthplace? It seems not, and that he must change his allegiance by emigration and legal process of naturalization.' Sections 1992 and 1993 of the Revised Statutes clearly show the extent of existing legislation; that the fact of birth, under circumstances implying alien subjection, establishes of itself no right of citizenship; and that the citizenship of a person so born is to be acquired in some legitimate manner through the operation of statute. No statute contemplates the acquisition of the declared character of an American citizen by a person not at the time within the jurisdiction of the tribunal of record which confers that character.

"Your decision granting a passport in the case of Johannes Weber is approved. In a case like this much depends upon the bona fides of the applicant, and his evident intent to return to the United States, as to which the minister must necessarily be the best judge of his duty in granting or withholding a passport.

"Your second 'quære,' as to the meaning of the phrase 'if dwelling in the United States,' found in section 2172, Revised Statutes, is one of a hypothetical class as to which the general rule of the Department counsels no decision being made in advance of a specific case arising. No such case has, so far as I know, been presented for the decision of the Executive or courts of the United States.

"It would, however, be in fact difficult to see how, in the light of section 1999 of the Revised Statutes, which declares any decision of any

LLMC DIGITAL