IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. DLB-25-201 |
| DONALD J. TRUMP, *et al.*, | * | |
| Defendants. | * | |

**ORDER**

On January 20, 2025, President Donald J. Trump signed Executive Order 14160, "Protecting the Meaning and Value of American Citizenship" ("Executive Order"). CASA, Inc., Asylum Seeker Advocacy Project, and five individuals proceeding under the pseudonyms Maribel, Juana, Trinidad Garcia, Monica, and Liza filed a lawsuit against President Trump, the Secretary of the U.S. Department of State, the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services, the Commissioner of the Social Security Administration, and the United States of America. The plaintiffs allege that the Executive Order violates the Citizenship Clause of the Fourteenth Amendment to the Constitution and the Immigration and Nationality Act. The plaintiffs moved for a preliminary injunction that enjoins the defendants from implementing and enforcing the Executive Order. Upon consideration of the plaintiffs' motion for a preliminary injunction, the defendants' opposition, the plaintiffs' reply, and the briefs filed by three amici, the Court finds that the plaintiffs have shown they are entitled to a preliminary injunction.

The plaintiffs have established that they are likely to succeed on the merits of their claim that the Executive Order violates the Fourteenth Amendment. The Executive Order contradicts the

plain language of the Citizenship Clause of the Fourteenth Amendment and conflicts with binding Supreme Court precedent, *United States v. Wong Kim Ark*, 169 U.S. 649 (1898).

The plaintiffs also have shown that they will suffer irreparable harm without injunctive relief. The unborn children of the individual plaintiffs and the organizational plaintiffs' members will be denied the rights and privileges of U.S. citizenship. The plaintiffs will face uncertainty about their children's citizenship status, and some of their children may be stateless.

The balance of the equities and the public interest weigh in favor of a preliminary injunction. The government will not be harmed because a preliminary injunction will maintain the status quo. Enjoining implementation and enforcement of the Executive Order during litigation will preserve constitutional rights and prevent administrative and financial burdens on local governments.

For the reasons state above and those stated in the memorandum opinion issued today, it is this 5th day of February, 2025 hereby ORDERED that

1. The plaintiffs' motion for a preliminary injunction and temporary restraining order, ECF 2, is GRANTED in part and DENIED in part as follows:

    a. The motion for a preliminary injunction is GRANTED; and

    b. The motion for a temporary restraining order is DENIED as moot;

2. The Secretary of the U.S. Department of State, the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services, the Commissioner of the Social Security Administration, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them are

      ENJOINED throughout these United States from implementing and enforcing the Executive Order until further order of this Court; and

3.     The security requirement is hereby waived because the defendants will not suffer any costs from the preliminary injunction and imposing a security requirement would pose a hardship on the plaintiffs. *See* Fed. R. Civ. P. 65(c).

                                                  Deborah L. Boardman
                                                  United States District Judge