IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASA, INC. *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>*Defendants*. | Case No.: 25-cv-00178-AKB |

### **DECLARATION OF NIURKA**

I, Niurka, upon my personal knowledge, hereby submit this declaration pursuant to 28 U.S.C. § 1746 and declare as follows:

1. I am more than 18 years of age and competent to testify, upon personal knowledge, to the facts set forth herein.

2. I am using a pseudonym to protect myself and my newborn child. I fear that the government and people in the United States with anti-immigrant beliefs may retaliate and do damage to my family. The recent news of arrests of protesters and students in the United States, for example, makes me feel unsafe and uncomfortable using my real name. I also want to make sure that the privacy of my newborn child is protected and that information about my child does not become public.

3. My husband and I, along with our older child, fled to the United States from Cuba. We have lived in Florida since we arrived approximately four years ago. We left Cuba

because we suffered political persecution.  My husband, older child, and I have pending asylum applications as well as pending applications to become lawful permanent residents through the Cuban Adjustment Act.

4. When I agreed to share my story in the Complaint as a member of ASAP, I was seven months pregnant.  Since then, I gave birth to a baby, L.G., after February 19, 2025, in Florida.

5. I want L.G. to have U.S. citizenship because I want L.G. to grow up with the certainty of belonging to this nation, to have a land that supports L.G. and which L.G. can be proud to call their homeland.  I wish for L.G. a future full of opportunities, where L.G. can study, develop, and build their dreams without the limitations imposed by immigration uncertainty.  I want L.G. to have U.S. citizenship because I want L.G. to be able to achieve success in the United States and attend college here, and that would become significantly more difficult if L.G. does not have U.S. citizenship from birth.

6. My husband and I have no intention of going back to Cuba because of the dictatorship; we have made the United States our home, and we want to contribute to its growth and prosperity.  We do not want L.G. to be a Cuban citizen, and do not want L.G. to ever have to set foot in Cuba.  We have tremendous fear that if our older child, L.G., or any future children we may have were exposed to life in Cuba, that they would be forced to either conform with harmful communist viewpoints or else be subjected to the same persecution we faced; either way it would be disastrous.

7. We are worried about L.G.'s citizenship being in a legal limbo from L.G.'s birth after February 19, 2025, and of L.G. not having citizenship in any country.

8. We are also scared about the possibility that L.G.'s U.S. citizenship could be questioned – and if that happens, whether L.G. could be threatened with deportation. It is very frightening to think of this, especially because my husband and I have legal protections in the U.S. that mean we cannot be deported. But if L.G. does not have U.S. citizenship, I do not know if L.G. will have any legal protections from deportation. If L.G. were threatened with deportation, our entire family would be uprooted in order to stay together. To us, staying together as a family is more important than anything else.

9. I understand that I am being asked to serve as a class representative in the name of my newborn baby L.G., on behalf of other babies who are similarly situated. I am willing to serve as class representative. I want our newborn baby recognized as a U.S. citizen, and I know many other families are in the same situation. Many children have grown up here, learned this country's language and values, and made this nation their only home. Yet, they risk spending years without being able to regularize their status. That is why birthright citizenship represents a fundamental pillar of justice and hope for the new generations born on American soil.

10. It is important to defend the rights of children whose parents may have come here undocumented but have known no other country. The greatness of the U.S. lies in its promise of growth and opportunity, made possible by immigration. In Cuba, "to grow" does not even exist in the same way. These children don't yet know what they are fighting for, but my husband and I do. I am proud to be a voice not just for our newborn baby L.G., but for many others.

11. I do not want any future children we may have – or other immigrants have in the U.S. – to be excluded from U.S. citizenship and the country where they will grow up.

12. Because I was due to give birth after February 19, 2025, I participated in this case to protect my unborn baby. As a parent, my greatest wish is to see my children grow up safe, with rights, and with the certainty that they belong to the land where they were born or raised. It's not just about documents, but about identity, belonging, and dignity. Denying citizenship to children born here would be denying them the right to dream freely, to build without fear, and to feel a true part of the nation where their first steps, their first words, and their first dreams were born.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: June 20, 2025


Niurka