## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CASA, INC. *et al.*,

      *Plaintiffs*,

  v.

DONALD J. TRUMP *et al.*,

      *Defendants*.

Case No.: 8:25-cv-00201-DLB
Honorable Deborah L. Boardman

## PLAINTIFFS' EMERGENCY MOTION FOR A CLASS-WIDE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, WITH MEMORANDUM IN SUPPORT

## INTRODUCTION AND BACKGROUND

Plaintiffs request that this Court immediately enter an injunction that prohibits Defendants from implementing or enforcing[1] Executive Order 14,160 against anyone who is part of the following putative class: "All children who have been born or will be born in the United States on or after February 19, 2025, who are designated by Executive Order 14,160 to be ineligible for birthright citizenship, and their parents." Am. Compl. ¶ 104. As the Court has already determined, "plaintiffs easily have met the standard for a preliminary injunction," PI Opinion at 2, ECF No. 65, and broad injunctive relief is "appropriate and necessary" to protect

---

[1] Consistent with the Supreme Court's opinion, the Court's injunction should permit Defendants to "develop[] and issu[e] public guidance about the Executive's plans to implement the Executive Order," *Trump v. CASA*, Slip op. at 26 (June 27, 2025), but otherwise Defendants should be enjoined from implementing, enforcing, or applying the Executive Order to any member of the putative class.

everyone subject to a facially unconstitutional and unlawful Executive Order. *Id.* at 32.

The Supreme Court's recent stay opinion acknowledges that courts may award injunctive relief beyond the named parties when the case is brought as a class action. *Trump v. CASA*, slip op. 13-14 (June 27, 2025). Justice Kavanaugh's concurring opinion confirms that district courts may "grant or deny the functional equivalent of a universal injunction—for example, by granting or denying a preliminary injunction to a putative nationwide class under Rule 23(b)(2)." *Id.*, slip op. at 6 (Kavanaugh, J., concurring). And Justice Sotomayor's dissenting opinion notes that "the majority leaves untouched one important tool to provide broad relief to individuals subject to lawless Government conduct: Rule 23(b)(2) class actions for injunctive relief." *Id.*, slip op. at 43 (Sotomayor, J., dissenting). Thus, "the parents of children covered by the Citizenship Order would be well advised to file promptly class-action suits and to request temporary injunctive relief for the putative class pending class certification." *Id.* at 44.

Consistent with the Supreme Court's instructions, Plaintiffs have now filed an amended complaint that expressly seeks relief on behalf of a putative class of those U.S.-born babies wrongfully deemed by the Executive Order to be ineligible for U.S. citizenship, along with their parents. Am. Compl. ¶¶ 103-112, ECF No. 96.[2] The Court should grant relief to this putative class and may do so before certifying the class. As the Supreme Court's recent orders clarify, this Court may grant preliminary injunctive relief to all members of a putative class before determining whether the action should proceed as a class action. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) ("[C]ourts may issue temporary relief to a putative class" and a court "need not decide whether a class should be certified . . . in order to temporarily enjoin the Government

---

[2] Because Defendants have not yet answered or otherwise responded to the Plaintiffs' original complaint, this Amended Complaint is filed "as a matter of course." Fed. R. Civ. P. 15(a)(1).

from [irreparably harming] putative class members.").

      Without a class-wide injunction, Defendants will deny thousands of babies in the putative class their constitutional and statutory right to United States citizenship, as well as all of the rights and privileges that citizenship entails. Consistent with the Supreme Court's most recent instructions, the Court can protect all members of the putative class from irreparable harm that the unlawful Executive Order threatens to inflict.

      *First*, Plaintiffs request that the Court immediately enter a temporary restraining order, without further briefing. *See* Fed. R. Civ. P. 65(b)(1)(A) (allowing a temporary restraining order when "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"). Time is of the essence. Although the Supreme Court acknowledged that, "[c]onsistent with the Solicitor General's representation, §2 of the Executive Order shall not take effect until 30 days after" today's date, *id*. at 26, the remainder of the Executive Order appears to be in effect at this moment. Further, without an immediate injunction, the Executive Order's threat to future babies' citizenship is causing significant harm *today*. The Executive Order harms class members by calling into doubt the citizenship of future newborns, leading to stress and anxiety for future parents who are left afraid and uncertain about the status of their children. PI Opinion at 29-30. This stress can cause pregnancy complications, jeopardizing the health of mother and child alike. *E.g.*, Monica 2nd Decl. ¶ 9, ECF No. 97-6 (future mother trained as a medical doctor explaining "[t]he anxiety and stress I feel about the possibility that my child could be denied U.S. citizenship has made my pregnancy more difficult than it otherwise would be."); Pilar Melendez, *Seeking Asylum. Pregnant. Terrified.*, The Cut (Jan. 28, 2025), https://perma.cc/GHQ4-8CBH (profiling a pregnant ASAP member who was hospitalized with high blood pressure and increased risk of miscarriage after the Executive

Order). As this Court has already recognized, injunctive relief will preserve the status quo as it has existed for more than a century. PI Opinion at 11, 31. In contrast, issuing a brief temporary restraining order without further briefing will not cause undue prejudice to Defendants, who have already had the opportunity to present their arguments about why injunctive relief is not warranted.

*Second*, after the temporary restraining order is entered, Plaintiffs request that the Court provide Defendants an expedited briefing schedule of one week to file a brief opposing preliminary injunctive relief to all members of the putative class, should Defendants choose to oppose such relief, and Plaintiffs two days to file a reply. The Court has already addressed the preliminary injunction factors and determined that a preliminary injunction is warranted, and the Court should not reconsider that reasoning now. But the Court has not previously had the opportunity to issue preliminary injunctive relief based on the newly filed putative class action, and the briefing at this stage should be limited to what objections, if any, Defendants have to class-wide preliminary injunctive relief.

## ARGUMENT

I.  **Interim Injunctive Relief to All Putative Class Members Harmed by the Executive Order Is Appropriate and Necessary**

   A.    **This Court Has Authority to Issue Preliminary Class-wide Relief**

Although the Supreme Court has now directed that injunctive relief should typically be limited to the parties before a court, the Court acknowledged that class actions remain an available tool for litigants challenging the federal government. *Trump v. CASA*, slip op. at 13-14.[3] As the Supreme Court recently clarified in another case, courts "need not decide whether a

---

[3] Plaintiffs maintain that extension of the original injunction to third parties is not "broader than necessary to provide complete relief." *Trump v. CASA*, slip op. at 26 (majority opinion).

class should be certified" before granting class-wide injunctive relief because "courts may issue temporary relief to a putative class." *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025); *accord, e.g.*, *J.O.P. v. U.S. Dep't of Homeland Sec.*, 409 F. Supp. 3d 367, 376 (D. Md. 2019) (collecting authorities).

Although the Court need not assess whether a class will ultimately be granted for final judgment in order to grant putative class relief, *see A.A.R.P.*, 145 S. Ct. at 1369, this case readily qualifies for class treatment under Rule 23.[4]  As set forth more fully in the class allegations in Plaintiffs' First Amended Complaint and in Plaintiffs' contemporaneously filed Motion for Class Certification, Plaintiffs' class satisfies the requirements of Rule 23 and can be certified as a Rule 23(b)(2) class action for injunctive and declaratory relief. Am. Compl. ¶¶ 103-112; Memo. in Supp. of Mot. for Class Cert. at 9-15 ("Class Mot."), ECF No. 97.

By any measure, the number of people in the class is very large, well in excess of the few dozen needed to satisfy Rule 23(a)(1)'s numerosity requirement. *See* Class Mot. at 9-10 (estimating that 255,000 newborn class members will be covered by the Executive Order every year). There are significant questions of law common to the class, *see* Fed. R. Civ. P. 23(a)(2), such as whether the Executive Order violates the Fourteenth Amendment and the Immigration and Nationality Act. Class Mot. at 10-11 (listing these and other questions common to the class).

---

[4] A *putative* class is one proposed by a litigant that has not been approved by the Court, Fed. R. Civ. P. 23(g)(3); *Class Action, Black's Law Dictionary* (12th ed. 2024), while a *provisional* class is one that a court has tentatively approved prior to final judgment, Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). Although the Supreme Court has expressly ratified providing preliminary class relief to a *putative* class based only on the pleadings, the Court also may also grant *provisional* class certification in order to provide emergency relief. *E.g.*, *Saenz v. Roe*, 526 U.S. 489, 496 (1999) (affirming district court decision that granted class certification as part of a temporary restraining order); *Trump v. CASA*, Oral Arg. Transcript 13 (Solicitor General) ("In appropriate cases, courts have certified class actions on an emergency basis. We found at least four cases in recent years where that was done.").

Class representatives are also typical of the class as a whole. *See* Fed. R. Civ. P. 23(a)(3). Each class representative asserts the citizenship rights of a child born in the United States whose citizenship would be denied by Executive Order 14,160; each asserts a legal theory shared with members of the class; and each class representative and class member will commonly benefit from the injunctive relief sought in this case. Class Mot. at 11-12. There are no conflicts of interest between the class representatives and the class that they purport to represent, and the class representatives are prepared to vigorously litigate this case to ensure that no one in the class is unlawfully denied birthright citizenship. Class Mot. at 12-13; *see* Fed. R. Civ. P. 23(a)(4). And Plaintiffs' lawyers have the experience and expertise needed to competently litigate this case on behalf of the putative class. Class Mot. at 15-16; *see* Fed. R. Civ. P. 23(g).

Plaintiffs also meet the standard for a Rule 23(b)(2) class. Class Mot. at 14-16*; see also Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994) (noting that the requirements of Rule 23(b)(2) are "almost automatically satisfied" in actions seeking injunctive relief for common legal claims). Through Executive Order 14,160, Defendants have announced a policy that "appl[ies] generally to the class," and "injunctive relief or corresponding declaratory relief [] respecting the class as a whole" is appropriate. *See* Fed. R. Civ. P. 23(b)(2). This case is appropriate for class-wide treatment.

### B.    As the Court Previously Concluded, Preliminary Injunctive Relief Is Warranted

For the reasons stated in the Court's previous Memorandum Opinion granting Plaintiffs' first motion for a preliminary injunction, preliminary injunctive relief is also appropriate here for all members of the putative class. A temporary restraining order or preliminary injunction may be granted if the movant can "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As Plaintiffs' first motion for a preliminary injunction and supporting documents demonstrated,[5] and as the Court already found, Plaintiffs "easily have met the standard for a preliminary injunction." PI Opinion at 2. They "have shown an extremely strong likelihood that they will succeed on the merits of their constitutional claim," *id.* at 28; the "denial of the precious right to citizenship for any period of time" is an irreparable injury, *id.*; and the "balance of the equities and the public interest strongly weigh in favor of a preliminary injunction that maintains the status quo during litigation," *id.* at 31. For the reasons that the Court previously gave, preliminary injunctive relief is appropriate.

Although the originally named Plaintiffs, Members of CASA and ASAP, and their children are still protected by the Court's first preliminary injunction, thousands of similarly situated putative class members face the same irreparable harm absent a temporary restraining order and/or preliminary injunction. Newborn babies left unprotected by the now-limited preliminary injunction face the "concrete and imminent" harm of being denied their "precious right to citizenship." PI Opinion at 28. These putative class members face a violation of their constitutional rights, which itself is an irreparable injury. *Id.* (citing *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022)). These injuries harm the entire family, as parents "will face instability and uncertainty about the citizenship status of their newborn babies." *Id.* at 29. And newborn class members face the prospect of losing any legal status in the United States—and may even be rendered stateless—placing them at risk of removal and potential separation from other members of their family. *Id.* Further, putative class members will lose "access to certain

---

[5] *See generally* Mot. for PI, ECF No. 2; Reply Br. in Supp. of PI, ECF No. 46.

government public benefit programs," such as health care, at the critical moment of the early days of the newborn's life. *Id.*

It "would make no sense" to allow a person's citizenship status to "depend on their parents' decision to bring this lawsuit or their parents' membership in one of two voluntary, private organizations." Order Denying Stay at 3, ECF No. 76. As this Court's prior rulings establish, injunctive relief to all members of the putative class is needed to protect those members from experiencing irreparable harm during the pendency of this litigation.

## CONCLUSION

Plaintiffs respectfully request that the Court: immediately, without awaiting further briefing, enter a temporary restraining order prohibiting application or enforcement of Executive Order 14,160 against any member of the putative class of "all children who have been born or will be born in the United States on or after February 19, 2025, who are designated by Executive Order 14,160 to be ineligible for birthright citizenship, and their parents"; to direct the Defendants to file a brief within one week setting forth what reasons, if any, they have for opposing preliminary injunctive relief as to the putative class, with Plaintiffs filing any reply brief within two days of Defendants' brief; to recognize counsel from Institute for Constitutional Advocacy and Protection and Asylum Seeker Advocacy Project as "interim counsel to act on behalf of a putative class," Fed. R. Civ. P. 23(g)(3); and to find that no security is appropriate under Rule 65(c).

Respectfully submitted this June 27, 2025,

<div style="display:flex">

Conchita Cruz*
Jessica Hanson*
Zachary Manfredi*
Dorothy Tegeler*
Leidy Perez*
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 600-9910
conchita.cruz@asylumadvocacy.org
zachary.manfredi@asylumadvocacy.org
jessica.hanson@asylumadvocacy.org
dorothy.tegeler@asylumadvocacy.org
leidy.perez@asylumadvocacy.org

</div>

/s/Joseph W. Mead
Joseph W. Mead (D. Md. 22335)
Mary B. McCord (D. Md. 21998)
Rupa Bhattacharyya*
William Powell*
Alexandra Lichtenstein*
Gregory Briker*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
  AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 662-9765
Fax: (202) 661-6730
jm3468@georgetown.edu
mbm7@georgetown.edu
rb1796@georgetown.edu
whp25@georgetown.edu
arl48@georgetown.edu
gb954@georgetown.edu

*Attorneys for Plaintiffs*

*Admitted pro hac vice.*

9

**CERTIFICATE OF SERVICE AND RULE 65 CERTIFICATION**

I hereby certify that, on June 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent to all counsel who have entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All defendants are currently represented by counsel who have entered an appearance and who receive notification of filings through the CM/ECF system.   The notice provided by the CM/ECF system is sufficient to provide notice to all counsel of this filing. Fed. R. Civ. P. 5(b)(2)(E); Electronic Case Filing Policies & Procedures Manual 2.E; Standing Order 2003-08.

/s/ Joseph Mead
Joseph Mead