## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CASA, INC. *et al.*,

        *Plaintiffs*,

   v.

DONALD J. TRUMP *et al.*,

        *Defendants*.

Case No.: 8:25-cv-00201-DLB
Honorable Deborah L. Boardman

### [PROPOSED] TEMPORARY RESTRAINING ORDER

Plaintiffs seek a temporary restraining order and preliminary injunction against the enforcement and public implementation of Executive Order 14,160, which purports to deny United States citizenship to many children who are born in the United States to noncitizen parents. The Court may issue preliminary injunctive relief when a plaintiff establishes that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court may further issue a temporary restraining order without notice or an opportunity to respond when "irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). As this Court previously found "plaintiffs easily have met the standard for a preliminary injunction." PI Opinion at 2, ECF No. 65. Moreover, the Court also finds that immediate relief is appropriate. The Court will therefore issue a temporary restraining order enjoining Defendants from implementing or applying the Executive Order against any member of the putative class.

1

As the Court previously found, plaintiffs "have shown an extremely strong likelihood that they will succeed on the merits of their constitutional claim," PI Opinion at 28; the "denial of the precious right to citizenship for any period of time" is an irreparable injury, *id.*; and the "balance of the equities and the public interest strongly weigh in favor of a preliminary injunction that maintains the status quo during litigation," *id.* at 31. As the Court has previously recognized, preliminary injunctive relief is appropriate.

The Court further finds that granting injunctive relief to all members of the putative class is appropriate. Plaintiffs' Amended Complaint asserts a claim on behalf of a putative class of "all children who have been born or will be born in the United States on or after February 19, 2025, who are designated by Executive Order 14,160 to be ineligible for birthright citizenship, and their parents." Am. Compl. ¶ 104. Members of the putative class face the loss of their constitutionally-guaranteed "precious right" to citizenship, PI Opinion at 28, which is an irreparable injury warranting immediate injunctive relief. As the Supreme Court recently confirmed, "courts may issue temporary relief to a putative class," and "need not decide whether a class should be certified" in order to do so. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025). The Court finds that it is appropriate and necessary to provide injunctive relief to the putative class.

Finally, the Court finds that an immediate injunction is appropriate to prevent irreparable injury to members of the putative class that may result before the defendants can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1). Without immediate injunctive relief, parents will face fear from the uncertainty over the citizenship of their children, and U.S.-born children who are members of the putative class may be immediately denied the rights and benefits of United States citizenship. A temporary injunction will preserve the long-term status quo. The Court further finds that counsel for defendants have received notice of plaintiffs' motion through ECF notices sent to

each counsel who has entered an appearance. *See* Fed. R. Civ. P. 5(b)(2)(E); Electronic Case Filing Policies & Procedures Manual 2.E; Standing Order 2003-08. Defendants will have the opportunity to file a brief in opposition to a class-wide preliminary injunction, if they choose to do so, while this temporary restraining order is in place.

Therefore, it is hereby **ORDERED** that Plaintiffs' Motion for a Class-Wide Temporary Restraining Order is **GRANTED**.

It is further **ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are **ENJOINED** from enforcing or applying the Executive Order or taking any other action that fails to recognize the citizenship of individuals born within the United States. This order shall remain in effect for 14 days.

It is further **ORDERED** that Defendants may file a brief, if they so choose, within 7 days from the date of this order setting forth what reasons, if any, they have for opposing preliminary injunctive relief for the putative class. Plaintiffs may file a brief, if they so choose, within 2 days of any opposition filed by Defendants.

It is further **ORDERED** that the security requirement is set at $0 because Defendants will not suffer any costs from the preliminary injunction, imposing a security requirement would pose a hardship for Plaintiffs, and the public interest precludes requiring a security in this matter. *See* Fed. R. Civ. P. 65(c); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013).

**SO ORDERED**, this _____ day of _____, 2025, at _____.


_____
Honorable Deborah L. Boardman
United States District Judge

3