IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASA, INC. *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP *et al.*,

    *Defendants*.

Case No.: 8:25-cv-00201-DLB
Honorable Deborah L. Boardman

### PLAINTIFFS' MOTION TO ALLOW ADDITIONAL PLAINTIFFS TO PROCEED UNDER PSEUDONYMS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Executive Order 14,160, entitled "Protecting the Meaning and Value of American Citizenship" ("the Order"), purports to deny babies born to many immigrants living and working in the United States their constitutionally and statutorily guaranteed United States citizenship. Plaintiffs Juana, Trinidad Garcia, Monica, Liza, Ashley, Andrea, and Niurka have challenged the Executive Order as putative class representatives on behalf of themselves and their babies, who would be denied United States citizenship under the Order. This Court previously granted leave to Juana, Trinidad Garcia, Monica, and Liza to proceed under pseudonyms. *See* Mem. Op. at 5 n.1, ECF No. 65. For substantially the same reasons, and to protect the identities of their babies, for whom they are serving as next friends,[1] Ashley, Andrea, and Niurka ask this Court to allow

---

[1] Under Federal Rule of Civil Procedure 5.2(a), the babies are entitled to proceed under initials because they are minors.

1

additional plaintiffs to proceed under pseudonyms and to list the addresses of their counsel as their addresses in the Court's records.

Although Rule 10(a) of the Federal Rules of Civil Procedure and Local Rule 102.2(a) require that a complaint generally include the name and residence of the filing party, allowing a party to proceed under a pseudonym "may, as a matter of discretion, be permitted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). In exercising that discretion, the court has "a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *Id*. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 656 F.2d 180, 186 (5th Cir. Unit A Aug. 1981) (internal quotation marks omitted)); *see also James*, 6 F.3d at 238 (recognizing that "privacy or confidentiality concerns are sometimes sufficiently critical" to overcome the presumption of openness).

The Fourth Circuit has adopted a non-exhaustive five-factor test to guide a district court's consideration of a pseudonym motion. Those factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238.

"[F]ictitious names are often allowed when necessary to protect the privacy of children." *Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)); *see also Doe v. Stegall*, 653 F.3d 180, 186 (5th Cir. Unit A Aug. 1981) ("[T]he youth of . . . plaintiffs [is] a significant factor in the matrix of considerations arguing for anonymity."). As courts have consistently recognized, there is a significant "risk of harm implicit in exposure of a minor's sensitive information." *N.C. by J.C. v. Bd. of Educ. of Baltimore Cnty.*, No. 1:24-CV-00367-JRR, 2024 WL 1856293, at *2 (D. Md. Apr. 29, 2024). Indeed, Federal Rule of Civil Procedure 5.2(a) requires that for "an individual known to be a minor," any filing referring to the individual should include only "the minor's initials," not her full name.

Requiring plaintiffs to proceed under their own names and addresses would reveal the identities of their babies, undermining the protection provided by Rule 5.2(a). *See J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting that when a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined"). Where courts find that the "release of the parents' full names and addresses could permit the public to easily learn the [minor child's] identity, despite the use of [the child's] initials," courts favor anonymity. *Id.* at 201 (internal quotation marks omitted). Given the close relationship between Ashley, Andrea, and Niurka and their babies, allowing them to proceed under pseudonyms is necessary to effectively protect the identities of their children. The mothers share last names and/or

addresses with their babies, rendering the babies easily identifiable if their mothers' information were to be revealed on the public docket. The mothers fear that proceeding under their own names will put their children's privacy at risk, which is especially frightening given how "young and vulnerable" their babies are. Ashley Decl. ¶ 3; *see also* Niurka Decl. ¶ 2 ("I also want to make sure that the privacy of my newborn child is protected and that information about my child does not become public."); Andrea Decl. ¶ 2 ("[I]n order to protect the identity of my newborn child, I am using a pseudonym."). This Court should therefore allow Ashley, Andrea, and Niurka to use pseudonyms in order to ensure that their babies' identities receive the "heightened protection" their youth requires. *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004).

As this Court already determined in granting the first Motion to Proceed Under a Pseudonym, the other *James* factors similarly weigh strongly in favor of pseudonymity. Plaintiffs seek to proceed under pseudonyms in order "to preserve [their] privacy in a matter of a sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend" this litigation. *James*, 6 F.3d at 238. "[C]ourts have repeatedly recognized that a plaintiff's vulnerable immigration status is sufficiently sensitive and personal in nature to warrant the use of a pseudonym." *C.M. v. United States*, No. SA-21-CV-00234-JKP, 2021 WL 1822305, at *2 (W.D. Tex. Mar. 31, 2021). Indeed, a court in this district held that the "problematic immigration status" of plaintiffs or their family members is exactly the type of highly sensitive and personal information that pseudonymity was intended to protect. *Int'l Refugee Assistance Project (IRAP) v. Trump*, No. CV TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017); *see also Lozano v. City of Hazelton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007) (holding that undocumented immigrants were permitted to proceed anonymously because of their "problematic immigration

4

status," the disclosure of which "could lead to adverse legal consequences that go beyond the public disapprobation they face"), *aff'd in relevant part*, 620 F.3d 170 (3d Cir. 2010), *vacated and remanded on other grounds*, 563 U.S. 1030 (2011); *Doe v. U.S. Immigr. & Customs Enf't*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461, at *2 (D.N.M. Oct. 3, 2024) (noting that "numerous courts have recognized the unique vulnerabilities of asylum seekers and allowed them to proceed pseudonymously as a result" and listing cases). The first *James* factor therefore weighs in favor of granting pseudonymity.

Like Juana, Trinidad Garcia, Monica, and Liza, the additional plaintiffs also risk retaliatory harm by proceeding under their own names, meaning that the second *James* factor also weighs in favor of pseudonymity. Additional plaintiffs fear that their participation in this lawsuit will jeopardize their own and their babies' ability to remain in the United States because the government could retaliate against them for their advocacy. For example, Ashley and her husband are in the United States on visas that they need to renew every few years. Ashley Decl. ¶ 2. She worries that if she has to proceed under her real name, the government might deny their visa renewal requests "in retaliation for [their] participation in this lawsuit." *Id*. And Andrea is undocumented and fears being retaliated against as a result of her participation in this lawsuit. *See* Andrea Decl. ¶¶ 2, 4. Further, because the government has purported to deny babies their birthright United States citizenship through the Executive Order, their parents fear that the government may seek to retaliate against their participation in this lawsuit by seeking to detain or deport their children. *See* Niurka Decl. ¶¶ 2, 8; Ashley Decl. ¶ 10.

Additional plaintiffs also fear that members of the public will target them or their babies for harassment and discrimination if they proceed under their own names, because immigration is a

5

highly charged, politically sensitive issue and this lawsuit has already garnered significant attention from the public. *See Hisp. Int. Coal. of Alabama v. Governor of Alabama*, 691 F.3d 1236, 1247 & n.8 (11th Cir. 2012) (noting that because revealing plaintiffs' immigration status "could lead to criminal prosecution, harassment, and intimidation," federal courts routinely "permit the plaintiffs to proceed anonymously in immigration-related cases"). Ashley, Andrea, and Niurka are concerned that they and their children could be harassed and intimidated for their participation in this suit, both online and in person, if they had to proceed under their own names. Niurka, for example, fears that "people in the United States with anti-immigrant beliefs may retaliate and do damage to [her] family." Niurka Decl. ¶ 2. Ashley shares those fears; she worries "about members of the public knowing my name or my child's name, and whether they will seek us out to harm us if they disagree with our viewpoint that birthright citizenship is a guarantee and a right under the U.S. Constitution." Ashley Decl. ¶ 3.

The fact that the Defendants are government agencies and officers means that the fourth *James* factor further weighs in favor of pseudonymity. Generally, courts are "less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid" because private individuals have reputational interests that the government does not. *Doe v. Anne Arundel Cnty.*, No. 1:23-CV-03451-JRR, 2024 WL 2053719, at *3 (D. Md. May 8, 2024) (citations omitted). "Use of pseudonyms is more likely to be appropriate in cases challenging government activity because there is both arguably a public interest in a vindication of rights and a risk of stigmatization of the plaintiff, who often represents a minority interest." *IRAP*, 2017 WL 818255 at *3. That is entirely true here. Plaintiffs challenge an Executive Order, bringing claims only against

government defendants, to vindicate their own rights and the rights of those similarly situated. And as immigrants with vulnerable immigration statuses, they represent a minority interest and risk retaliation and stigmatization for their participation in this suit. Pseudonymity is therefore warranted.

Allowing all non-organizational plaintiffs to proceed under pseudonyms would also pose no risk of unfairness or prejudice to Defendants, satisfying the fifth *James* factor. Plaintiffs' sole claim is a legal one: that the Executive Order violates both the Fourteenth Amendment and federal law. Defendants do not need to know Plaintiffs' identities in order to address their legal arguments. *See Lozano*, 496 F. Supp. 2d at 512 (allowing plaintiffs to remain anonymous to both the public and to the defendant, holding that the defendant had "less interest in the identity of the particular plaintiffs than in the resolution of the legal issues in this case"). Indeed, the government did not oppose the first Motion to Proceed Under a Pseudonym. *See* Defs.' Response to Indiv. Pls.' Mot. to Proceed Under a Pseudonym 1, ECF No. 39 (Jan. 31, 2025). All five of the *James* factors therefore weigh strongly in favor of pseudonymity.

The public interest also weighs in favor of allowing all plaintiffs to remain anonymous. The purely legal nature of the case means that the public has "an atypically weak" interest in knowing the plaintiffs' identities, because that information is not relevant to the ability of members of the public to understand and follow the case. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008); *see also Lozano*, 496 F. Supp. 2d at 512 ("The decision in this case does not turn on judgements about the credibility of particular witnesses, but instead on an assessment of the parties' legal arguments."). Although there may be some public interest in disclosure of a plaintiff's identity in suits against the federal government*, see Doe v. Public Citizen*, 749 F.3d 246,

7

274 (4th Cir. 2013), that interest "is reduced" where "the claim is a pure legal challenge to [an] Executive Order, such that individual plaintiffs play only a minor role in the litigation," *IRAP*, 2017 WL 818255, at *3. And that interest is reduced even further in cases like this one, where "the public already has significant information about the parties . . . because there are two organizational plaintiffs . . . whose names have been disclosed." *Id*. Indeed, allowing the plaintiffs to proceed under a pseudonym would *vindicate* the public's interest in "testing the constitutionality" of the Executive Order. *Lozano*, 496 F. Supp. 2d at 512. Requiring plaintiffs to disclose their identities and make themselves and their children possible targets for retaliation "could dissuade [them] from pursuing their rights in court." *IRAP*, 2017 WL 818255, at *2. Granting them pseudonymity would ensure that their important perspectives are included in this suit, and it therefore advances the public interest.

Plaintiffs met and discussed this motion with counsel for Defendants. Defendants will review the motion and respond in due course.

For substantially the same reasons this Court found persuasive in granting the prior Motion to Proceed Under a Pseudonym, anonymity continues to be warranted for plaintiffs in this case. The Court should therefore grant this motion and allow all non-organizational plaintiffs to proceed under pseudonyms.

Respectfully submitted this June 30, 2025,

|  |  |
|---|---|
|  | /s/Joseph W. Mead |
| Conchita Cruz* | Joseph W. Mead (D. Md. 22335) |
| Jessica Hanson* | Mary B. McCord (D. Md. 21998) |
| Zachary Manfredi* | Rupa Bhattacharyya* |
| Dorothy Tegeler* | William Powell* |
| Leidy Perez* | Alexandra Lichtenstein* |
|  | Gregory Briker* |

<div style="display: flex;">

Asylum Seeker Advocacy Project
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 600-9910
conchita.cruz@asylumadvocacy.org
jessica.hanson@asylumadvocacy.org
zachary.manfredi@asylumadvocacy.org
dorothy.tegeler@asylumadvocacy.org
leidy.perez@asylumadvocacy.org

INSTITUTE FOR CONSTITUTIONAL ADVOCACY
  AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 662-9765
Fax: (202) 661-6730
jm3468@georgetown.edu
mbm7@georgetown.edu
rb1796@georgetown.edu
whp25@georgetown.edu
arl48@georgetown.edu
gb954@georgetown.edu

*Attorneys for Plaintiffs*

</div>

*Admitted pro hac vice