**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CASA, INC., *et al.*, <br><br>      *Plaintiffs*, <br><br>    v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br>      *Defendants*. | Case No. 8:25-cv-00201-DLB |

**OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND
RESPONSE TO PLAINTIFFS' NOTICE OF SUBSEQUENT DEVELOPMENTS**

In their Opposition to Plaintiffs' Emergency Motion for a Class-Wide Temporary Restraining Order and Preliminary Injunction, ECF No. 106 ("Defendants' Opposition" or "Defs.' Opp'n"), Defendants set forth in detail why this Court should not certify Plaintiffs' proposed class. *See* Defs.' Opp'n at 12-20. As Defendants noted, it was unclear from the Court's scheduling order whether a separate opposition to class certification is due at this time. *See* ECF No. 103 (setting briefing schedule in which "[D]efendants should include their position on class certification in their opposition" to Plaintiffs' motion for a temporary restraining order and preliminary injunction, but not addressing briefing schedule for Plaintiffs' class certification motion). To the extent a formal response is required, Defendants oppose Plaintiffs' Motion for Class Certification (ECF No. 97) and incorporate by reference the arguments they previously made in Defendants' Opposition (ECF No. 106).

In addition to the arguments previously presented, Defendants raise additional objections and respond to Plaintiffs' Notice of Subsequent Developments in *Barbara v. Trump*. *See* ECF No.

109.   Simply put, and notwithstanding Plaintiffs' argument to the contrary, Judge Laplante's

decision to issue a class-wide preliminary injunction counsels *against* this Court doing the same

here, Judge Laplante recognized the commonality and typicality problems associated with

Plaintiffs' class definition, and this Court should not certify a class and enter preliminary relief

against the agency defendants (which would not be ripe because those agencies are in the process

of developing guidance, as allowed by the Supreme Court's recent stay) or against the President

(which is not constitutionally permissible).

When asked to certify a nationwide class, a federal court should "take care to ensure that

nationwide relief is indeed appropriate in the case before it, and that certification of such a class

would not improperly interfere with the litigation of similar issues in other judicial districts."

*Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).  In light of *Barbara*, there is no need for this

Court to certify a duplicative nationwide class for the children who are already members of the

*Barbara* class. Doing so may interfere with the litigation pending in *Barbara* and elsewhere

involving class members.  At a minimum, the provisional certification of a class in *Barbara* defeats

plaintiffs' motion because they cannot establish irreparable harm for persons within the *Barbara*

class. Those persons have already obtained injunctive relief.

Moreover, Judge Laplante acknowledged the commonality and typicality problems

associated with certifying a class that included the parents of children subject to the Executive

Order:

> Petitioners have not demonstrated by a preponderance of the evidence that the class
> should include "the parents (including expectant parents)" of the children denied
> birthright citizenship by the Executive Order. Doubtless the parents of such
> children would suffer harms following from the denial of United States citizenship
> to their children, including, but likely not limited to, those detailed in the complaint.
> But the harms to the parents of children denied citizenship are (a) not the subject of
> the specific claims in the complaint, which refer to the Executive Order's denial of
> citizenship to children, and (b) *would not necessarily meet Rule 23(a)'s*

>*requirements for commonality and typicality, as the enumerated harms are*
>*factually and legally diverse.*

*Barbara v. Trump*, No. 1:25-cv-00244-JL-AJ (D.N.H. July 10, 2025), slip op. at 9 (filed in this

docket at ECF No. 109-3) (emphasis added).  Plaintiffs' proposed class in this case includes

parents.  Pls.' Mot. for Class Certification, ECF No. 97.  That is improper.

In any event, this Court should not certify a class because plaintiffs cannot show that any

defendant against which the Court might issue a preliminary injunction has acted or refused to act.

Rule 23(b)(2) permits a class action where "the party opposing the class has acted or refused to act

on grounds that apply generally to the class." As Defendants have explained, Plaintiffs' suit is

premature. Federal government departments and agencies are presently developing guidance for

implementation of the Executive Order.  *See Trump v. CASA, Inc.*, 2025 WL 1773631, at *15 (U.S.

June 27, 2025) ("[t]he injunctions are also stayed to the extent that they prohibit executive agencies

from developing and issuing public guidance about the Executive's plans to implement the

Executive Order.").  Those defendants have not yet "acted or refused to act," Fed. R. Civ. P.

23(b)(2), against Plaintiffs so an injunction may not issue against them. The only defendant who

arguably has "acted or refused to act," *id.*, is the President, who signed the Executive Order.  But

in issuing an executive order to his subordinates within the Executive Branch, he did not act upon

any of the Plaintiffs.  And even if he had, it is well established that "courts do not have jurisdiction

to enjoin [the President] . . . and have never submitted the President to declaratory relief." *Newdow*

*v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010) (citations omitted); *see Franklin v.*

*Massachusetts*, 505 U.S. 788, 802-03 (1992) ("[I]n general, 'this court has no jurisdiction of a bill

to enjoin he President in the performance of his official duties.'" (citation omitted)).  *See* Defs.'

Opp'n to Pls.' Mot. for a Temporary Restraining Order and Preliminary Injunction at 30, ECF No.

40; Defs.' Opp'n, ECF No. 106 (incorporating prior arguments).

Finally, if the Court certifies a class and issues a preliminary injunction, it should follow Judge Laplante's order in limiting any preliminary injunction to Defendants' enforcement of the Executive Order's policy against persons covered by the order.  Independent from its stay of the lower courts' nationwide injunctions against application of the Executive Order, the Supreme Court provided that "[t]he injunctions are also stayed to the extent that they prohibit executive agencies from developing and issuing public guidance about the Executive's plans to implement the Executive Order." 2025 WL 1773631, at *15.  Recognizing that, Judge Laplante specified that "[n]othing in this order should be construed as conflicting with the Supreme Court's ruling in *CASA*, including its specific holding allowing executive agencies to develop and issue public guidance about the Executive's plans to implement the Executive Order." *Barabra v. Trump*, slip op. at 37.  If this Court enters a preliminary injunction, it should likewise limit any order to the application of the Executive Order's policy to persons covered by the order.

For the reasons previously briefed and discussed herein, Plaintiffs' motion for class certification should be denied.

Dated: July 11, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

KELLY O. HAYES
United States Attorney

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
Special Counsel (D.C. Bar No. 46513)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone:  202-514-3374
Fax: 202-616-8460
Email: brad.rosenberg@usdoj.gov

MELISSA E. GOLDMEIER (Bar number: 18769)
Assistant United States Attorney
36 S. Charles Street, 4th Fl.
Baltimore, MD  21201
melissa.goldmeier@usdoj.gov
Phone:  410-209-4800

*Attorneys for Defendants*