IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CASA, INC. *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> *Defendants*. | Case No.: 8:25-cv-00201-DLB <br> Honorable Deborah L. Boardman |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION**

Defendants have now submitted two briefs containing arguments opposing Plaintiffs' request for class certification. *See* Defs.' Opp'n to Pls.' Emergency Mot. for Class-Wide TRO and Prelim. Inj., ECF 106; Defs.' Opp'n to Pls.' Mot. for Class Certification, ECF 111. Neither brief is persuasive, and the Court should certify Plaintiffs' proposed class. Plaintiffs reincorporate the arguments they previously made in support of their motion for class certification. They offer this reply to Defendants' "additional objections" to class certification. *See* ECF 111 at 1.

**ARGUMENT**

**1.** The Court should certify the class notwithstanding the provisional certification of a class in *Barbara v. Trump*, No. 25-cv-244-JL-AJ, 2025 WL 1904338 (D.N.H. July 10, 2025). "It is well settled that a parallel action has no effect on a competing action until a final judgment is reached," and "[t]hat is even true for the certification decision." *Sharp Farms v. Speaks*, 917 F.3d 276, 309 (4th Cir. 2019) (Quattlebaum, J., concurring). Defendants' contrary argument relies on the

1

"common misunderstanding" that "certification of a class in one suit somehow forestalls other related cases." 3 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 10:33 (6th ed. 2025) ("Newberg"). Indeed, the district court in *Barbara* explicitly recognized that its grant of provisional class certification would have no "'formal effect on litigation elsewhere.'" 2025 WL 1904338, at *12 (quoting 3 Newberg § 10:33).

Class certification and preliminary injunctive relief remain appropriate here to protect Plaintiffs from the immediate irreparable harm that this Court has already recognized the Executive Order will inflict. *See* Mem. Op. Granting Prelim. Inj. 28, ECF 65 ("PI Op."). Preliminary injunctions in other cases, including the interim relief entered in *Barbara*, are insufficient to protect Plaintiffs' interests here because "the putative class has no assurances that the existing injunctions" will not be lifted or stayed in whole or in part as litigation progresses. *Barbara*, 2025 WL 1904338, at *11. Plaintiffs thus have a substantial interest in obtaining a class-wide injunction in their own case, where they are represented by their own chosen counsel.

**2.** Plaintiffs' proposed class definition properly includes parents. As this Court previously observed, the Executive Order will cause "concrete and imminent" irreparable harm to both "the [parent] plaintiffs and their unborn children." PI Op. 28. "Without an injunction, the [parent] plaintiffs will face instability and uncertainty about the citizenship status of their newborn babies, and their children born on U.S. soil will be denied the rights and benefits of U.S. citizenship." *Id.* at 29-30. Given those shared and overlapping harms, it makes sense for the class definition to include both newborns denied citizenship and their parents, who may litigate on behalf of the newborns in any event, *see* Fed. R. Civ. P. 17(c)(1)(A). Indeed, courts have regularly certified classes that include both parents and children. *E.g.*, *P.V. ex rel. Valentin v. Sch. Dist. of Phila.*, 289 F.R.D. 227, 236 (E.D. Pa. 2013); *Chianne D. v. Weida*, No. 3:23-cv-985-MMH-LLL, 2024 WL

1743334, at *14 (M.D. Fla. Apr. 23, 2024); *Brown v. Giuliani*, 158 F.R.D. 251, 268-69 (E.D.N.Y. 1994).

Contrary to the district court's suggestion in *Barbara*, a class containing both babies and parents would readily satisfy the commonality and typicality requirements of Rule 23(a). "The threshold requirements of commonality and typicality are not high," *Brown v. Nucor Corp.*, 576 F.3d 149, 153 (4th Cir. 2009) (internal quotation marks omitted), and they often merge, *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). Commonality merely requires a "common contention" that is "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "[E]ven a single common question will do," if "determination of its truth or falsity will resolve an issue that is central" to the case. *Id.* at 350, 359 (internal quotations marks and alterations omitted). Here, the questions of whether the Executive Order facially violates the Citizenship Clause of the Fourteenth Amendment and whether the Executive Order facially violates 8 U.S.C. § 1401(a) are common to all parents and children covered by the Order, and the answers to those questions will resolve the case. As for typicality, it is satisfied here because the claims of all parents and children in the class "arise from the Defendants' same conduct." *1988 Tr. for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co.*, 28 F.4th 513, 523 (4th Cir. 2022); *see also Carolina Youth Action Project v. Wilson*, 60 F.4th 770, 780 (4th Cir. 2023). All class representatives—whether babies or parents—are in the same position as every other member of the class in challenging the lawfulness of an Executive Order that purports to deny citizenship to them or their child.

The proposed class representative parents have submitted sworn declarations detailing harms not only to their newborns or future children, but to *themselves* as parents, substantiating the appropriateness of including them in the class definition. For instance, proposed class

3

representative Monica, a trained medical doctor whose baby is due in August 2025, stated that "[t]he anxiety and fear [she] feel[s] about the possibility that [her] child could be denied U.S. citizenship has made [her] pregnancy more difficult than it otherwise would be," and she "feel[s] unsure of what will happen and cr[ies] frequently." Monica Decl. ¶¶ 7-9, ECF 97-6; *see also* Trinidad Garcia Decl. ¶¶ 8-10, ECF 97-8 (pregnant putative class representative diagnosed with hypertension and gestational diabetes, which are exacerbated by stress over whether her baby will be born a U.S. citizen); Liza Decl. ¶ 6, ECF 97-5 ("When I heard that President Trump signed an Executive Order that would have denied L.B. U.S. citizenship, my world fell apart. I was about five months pregnant at the time. I was constantly worried that, without U.S. citizenship, L.B. would be stateless, as we cannot safely apply for Russian citizenship for L.B. This constant anxiety took a toll on my mental health[.]"); *see also* First Am. Compl. ¶¶ 91-93, ECF 96 (describing various harms to parents from denial of citizenship to their U.S.-born children).

For these reasons, the Court should certify the class using Plaintiffs' proposed definition.[1]

**3.** Finally, Plaintiffs' class-certification motion is not premature. Defendants contend that "plaintiffs cannot show that any defendant against which the Court might issue a preliminary injunction has acted or refused to act." ECF 111 at 3. But Defendants are responsible for enforcing the Executive Order "on grounds that apply generally to the class," and thus "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). It is "well established that '[r]eview of the legality of Presidential action can ordinarily be obtained in a suit seeking to enjoin the officers who attempt to enforce the President's directive.'" *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) (alteration in

---

[1] If the Court agrees with Plaintiffs that parents are properly included in the class definition, that would provide another reason to certify the class here notwithstanding the provisional certification in *Barbara*, given that the rights of parents are no longer directly represented in that case.

4

original) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 828 (1992) (Scalia, J., concurring)). Defendants "are presently developing guidance for implementation of the Executive Order," ECF 11 at 3, and there can be no doubt that if the Order is not enjoined, Defendants will enforce it. Indeed, they filed a notice in this Court indicating that they may begin applying the Executive Order to covered individuals as soon as July 27, 2025, which is now less than two weeks away. Notice Regarding Implementation of Executive Order, ECF 104. The Court has already found that the Executive Order will cause "concrete and imminent" harm warranting injunctive relief. PI Op. 28.

The plain text of the Executive Order confirms that Defendants will enforce it—and thus they may properly be enjoined from doing so on a class-wide basis under Rule 23(b)(2). Section 2 of the Executive Order commands that "no department or agency of the United States government shall issue documents recognizing United States citizenship, or accept documents issued by State, local, or other governments or authorities purporting to recognize United States citizenship" to individuals covered by the Executive Order. Section 3(a) provides that Defendants "shall take all appropriate measures to ensure . . . that no officers, employees, or agents of their respective departments and agencies act, or forbear from acting, in any manner inconsistent with" the Order. That across-the-board direction to Defendants on how they must not "act, or forbear from acting" makes this a perfect case for treatment under Rule 23(b)(2), which permits injunctive relief against a party who "has acted or refused to act on grounds that apply generally to the class." There is nothing in Rule 23 that requires a plaintiff facing imminent and irreparable harm to wait for the harm to occur before seeking relief through a pre-enforcement challenge. *See, e.g.*, Fed. R. Civ. P. 23(b)(2) advisory committee's note to 1966 amendment (noting that Rule 23(b)(2) can be used to challenge an action that "has taken effect" or that "is threatened"). As the district court in *Barbara*

5

correctly concluded, 2025 WL 1904338, at *11, Defendants' argument that certification is premature "does not persuade."

## CONCLUSION

Plaintiffs respectfully request that the Court grant their motion for class certification.

Respectfully submitted this July 14, 2025,

| | |
|---|---|
| | /s/Joseph W. Mead |
| Conchita Cruz* | Joseph W. Mead (D. Md. 22335) |
| Jessica Hanson* | Mary B. McCord (D. Md. 21998) |
| Zachary Manfredi* | Rupa Bhattacharyya* |
| Dorothy Tegeler* | William Powell* |
| Leidy Perez* | Alexandra Lichtenstein* |
| ASYLUM SEEKER ADVOCACY PROJECT | Gregory Briker* |
| 228 Park Ave. S., #84810 | INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION |
| New York, NY 10003-1502 | Georgetown University Law Center |
| (646) 600-9910 | 600 New Jersey Ave., N.W. |
| conchita.cruz@asylumadvocacy.org | Washington, D.C. 20001 |
| zachary.manfredi@asylumadvocacy.org | Phone: (202) 662-9765 |
| jessica.hanson@asylumadvocacy.org | Fax: (202) 661-6730 |
| dorothy.tegeler@asylumadvocacy.org | jm3468@georgetown.edu |
| leidy.perez@asylumadvocacy.org | mbm7@georgetown.edu |
| | rb1796@georgetown.edu |
| | whp25@georgetown.edu |
| | arl48@georgetown.edu |
| | gb954@georgetown.edu |

*Attorneys for Plaintiffs*

*Admitted pro hac vice.