IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. DLB-25-201 |
| DONALD J. TRUMP, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Pending before the Court is a motion for a class-wide temporary restraining order and preliminary injunction to bar the enforcement of Executive Order 14,160, entitled "Protecting the Meaning and Value of American Citizenship," which seeks to rewrite the Citizenship Clause of the Fourteenth Amendment by declaring that citizenship for individuals born in the United States does not extend to children whose parents were in the United States unlawfully or temporarily when the child was born. For the reasons explained below, the Court does not have jurisdiction over the motion because nearly every aspect of it is on appeal before the United States Court of Appeals for the Fourth Circuit. If the Fourth Circuit were to remand for the limited purpose of allowing this Court to decide the motion for a class-wide preliminary injunction, the Court would grant the motion.

**I.    Procedural History**

The pending motion for class-wide injunctive relief was filed five and a half months after this lawsuit was initiated on January 21, 2025, by CASA, Inc. and Asylum Seeker Advocacy Project, Inc., two nonprofit organizations that provide services to immigrants, and five pregnant women without lawful status who expected to give birth in the United States in the coming months. They challenged the constitutionality of the Executive Order. On February 5, 2025, this Court

granted their motion for a preliminary injunction, finding "[t]he Executive Order flouts the plain language of the Fourteenth Amendment to the United States Constitution, conflicts with binding Supreme Court precedent, and runs counter to our nation's 250-year history of citizenship by birth." *CASA v. Trump*, 763 F. Supp. 3d 723, 743 (D. Md. 2025), *appeal pending*, No. 25-1153 (4th Cir.). Consistent with then-existing precedent, this Court entered a nationwide preliminary injunction enjoining the enforcement of the Executive Order throughout the United States. ECF 66.

The defendants appealed the preliminary injunction to the Fourth Circuit and sought to stay the injunction's nationwide application. This Court and the Fourth Circuit denied the stay requests. *See* ECF 76; *CASA, Inc. v. Trump*, No. 25-1153, 2025 WL 654902, at *1 (4th Cir. Feb. 28, 2025). Meanwhile, two other district courts also granted universal injunctions against the Executive Order. *See Washington v. Trump*, 765 F. Supp. 3d 1142, 1154 (W.D. Wash. 2025), *appeal pending*, No. 25-807 (9th Cir.); *Doe v. Trump*, 766 F. Supp. 3d 266, 288–90 (D. Mass. 2025), *appeal pending*, No. 25-1170 (1st Cir.). Like the Fourth Circuit, the Court of Appeals for the Ninth Circuit denied the government's request to stay the injunction's nationwide application. *Washington v. Trump*, No. 25-807, 2025 WL 553485, at *1 (9th Cir. Feb. 19, 2025). The Court of Appeals for the First Circuit denied the government's request to stay the injunction pending appeal. *New Jersey v. Trump*, 131 F.4th 27, 33, 44 (1st Cir. 2025). This case and those cases proceeded to the Supreme Court on parallel tracks, and the Supreme Court consolidated the government's stay applications.

On June 27, 2025, the Supreme Court granted the partial stays:

> The Government's applications to partially stay the preliminary injunctions are granted, but only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue. The lower courts shall move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity. The injunctions are also stayed to the extent that they prohibit executive agencies from

> developing and issuing public guidance about the Executive's plans to implement the Executive Order. Consistent with the Solicitor General's representation, § 2 of the Executive Order shall not take effect until 30 days after the date of this opinion.

*Trump v. CASA, Inc.*, 606 U.S. ----, No. 24A884, 2025 WL 1773631, at *15 (June 27, 2025) (citation omitted).

The Supreme Court held that, "[b]ecause the universal injunction lacks a historical pedigree, it falls outside the bounds of a federal court's equitable authority under the Judiciary Act." *Id.* at *8 (footnote and citation omitted). Having eliminated universal injunctions, the Supreme Court noted another possible avenue for plaintiffs to obtain broad preliminary injunctive relief: class actions under Federal Rule of Civil Procedure 23. *Id.* at *9 ("The [English] bill of peace lives in modern form, but not as the universal injunction. It evolved into the modern class action, which is governed in federal court by Rule 23 of the Federal Rules of Civil Procedure." (citations omitted)). In his concurrence, Justice Kavanaugh confirmed that when plaintiffs "challenge the legality of a new federal statute or executive action and request preliminary injunctive relief," they "may sometimes seek to proceed by class action under Federal Rule of Civil Procedure 23(b)(2) and ask a court to award preliminary classwide relief that may, for example, be statewide, regionwide, or even nationwide." *Id.* at *19 (Kavanaugh, J., concurring) (citing *AARP v. Trump*, 605 U.S. ----, 145 S. Ct. 1364, 1369 (2025) (per curiam); *Califano* v. *Yamasaki*, 442 U. S. 682, 701–03 (1979)).

Within hours of the Supreme Court's decision, the plaintiffs filed—as of right under Federal Rule of Civil Procedure 15(a)(1)—an amended class action complaint, ECF 96; a motion to certify a nationwide class of people subject to the Executive Order and allow the class to seek declaratory and injunctive relief, ECF 97; and an emergency motion for a class-wide temporary restraining order and preliminary injunction, ECF 98.

3

The amended class action complaint is brought by the plaintiffs who first filed suit and by additional named plaintiffs. CASA and Asylum Seeker Advocacy Project remain plaintiffs, as do Maribel, Juana, Trinidad Garcia, Monica, individually and as next friends to their future children, and Liza, individually and as next friend to L.B. The new plaintiffs include Ashley, individually and as next friend to K.K.; Andrea, individually and as next friend to E.T.P.; and Niurka, individually and as next friend to L.G.[1] Seven of the eight individual plaintiffs bring their claims as class representatives, on behalf of themselves, their future children, and all parents and children similarly situated. *See* ECF 96, ¶ 9. These class representatives together with the other plaintiffs allege that the "[t]he Executive Order purports to deny these babies their constitutionally and statutorily guaranteed United States citizenship." *Id.* They claim the Executive Order violates the Fourteenth Amendment to the United States Constitution and the Immigration and Nationality Act, 8 U.S.C. § 1401. *Id.* ¶¶ 113–25.

In their motion for class certification, the plaintiffs move under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure to certify a class of "all children who have been born or will be born in the United States on or after February 19, 2025, who are designated by Executive Order 14,160 to be ineligible for birthright citizenship, and their parents." ECF 97, at 1–2.

The Court held a conference call with counsel on June 30, 2025, and ordered expedited briefing on the plaintiffs' motion for class-wide preliminary injunctive relief. The defendants filed an opposition on July 7, ECF 106,[2] and the plaintiffs filed a reply on July 9, ECF 107. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2025).

---

[1] The Court has allowed the plaintiffs to proceeding pseudonymously.

[2] In their opposition, the defendants opposed class certification as well. ECF 106, at 14–22. They later supplemented their opposition to the motion for class certification, ECF 111, and the plaintiffs filed a reply, ECF 113. The motion for class certification is ripe, and the Court intends to rule on it expeditiously.

## II. Jurisdiction Pending Appeal

The government argues that the appeal of the February 5, 2025 preliminary injunction divests this Court of jurisdiction over the plaintiffs' motion for a class-wide preliminary injunction. The Court agrees.

Generally, the filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "Without control, the district court must refrain from further action on those aspects of the case involved in the appeal until the appeal is completed." *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025). "This rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). There are "limited exceptions to the general rule that permit district courts to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process" when the lower court's consideration of an issue would "promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Id.* (citations omitted).

To determine whether the pending appeal divests this Court of jurisdiction over the class-wide preliminary injunction motion, the Court must identify what "aspects of the case" are "involved in the appeal." *See Levin*, 634 F.3d at 263 (quoting *Griggs*, 459 U.S. at 58). In the pending appeal, the Fourth Circuit will decide whether the five individual plaintiffs and two organizational plaintiffs who obtained the preliminary injunction are likely to succeed on their claim that the Executive Order violates the Fourteenth Amendment, whether they will suffer irreparable harm without an injunction, and whether the balance of the equities and public interest

5

weigh in favor of a preliminary injunction. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Those same *Winter* factor questions are raised in the plaintiffs' motion for a class-wide preliminary injunction. True, as the plaintiffs argue, the preliminary injunction on appeal is not a class-wide injunction, and the Fourth Circuit will not decide whether class-wide relief is appropriate. Even so, the pending appeal will resolve nearly every other question raised in the pending motion because the class representative plaintiffs and the plaintiffs who obtained the preliminary injunction that is on appeal are either identical or similarly situated. In fact, the plaintiffs themselves forecasted the significant overlap between their class-wide preliminary injunction motion and the preliminary injunction on appeal. As grounds for class-wide relief, the plaintiffs repeatedly rely on the memorandum opinion accompanying the Court's February 5 preliminary injunction to show that they, too, are entitled to preliminary injunctive relief for the same reasons. *See*, *e.g.*, ECF 98, at 6 ("For the reasons stated in the Court's previous Memorandum Opinion granting Plaintiffs' first motion for a preliminary injunction, preliminary injunctive relief is also appropriate here for all members of the putative class."); *id.* at 7 ("As Plaintiffs' first motion for a preliminary injunction and supporting documents demonstrated, and as the Court already found, Plaintiffs 'easily have met the standard for a preliminary injunction' . . . . For the reasons that the Court previously gave, preliminary injunctive relief is appropriate." (footnote omitted) (quoting *CASA*, 763 F. Supp. 3d at 727)); *id.* ("[T]housands of similarly situated putative class members face the same irreparable harm" as "the originally named Plaintiffs"); *id.* at 8 ("As this Court's prior rulings establish, injunctive relief to all members of the putative class is needed to protect those members from experiencing irreparable harm during the pendency of this litigation."). Because a ruling on the pending motion for a class-wide preliminary injunction would

require the Court to rule on the same issues before the Fourth Circuit, the Court does not have jurisdiction over the motion.

The Court's conclusion that it does not have jurisdiction over the pending motion is supported by a Second Circuit decision in a similar case. In *New York v. U.S. Department of Homeland Security*, the district court had entered a nationwide preliminary injunction enjoining the implementation of a final rule issued by the Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services that expanded the meaning of "public charge" (a ground for determining a noncitizen inadmissible to the United States). 974 F.3d 210, 212 (2d Cir. 2020) (per curiam). The government appealed, the Supreme Court stayed the injunction, and the rule went into effect nationwide. *Id.* After the Supreme Court issued the stay, and while the merits of the preliminary injunction were on appeal before the Second Circuit, the district court "issued a new, nationwide, preliminary injunction preventing DHS from enforcing that same rule based on its finding that the COVID-19 pandemic heightened the need for the stay." *Id.* The government appealed. *Id.* at 214. The Second Circuit stayed the second preliminary injunction "primarily" because the district court likely lacked jurisdiction "to issue the preliminary injunction during the appeal of its prior, virtually identical injunction." *Id.* at 216. The Second Circuit faulted the district court for "reconsider[ing] the very preliminary injunction that was under review in this Court, and simply provid[ing] new reasons to justify the preliminary relief itself." *Id.* at 215.

*New York* is instructive here even if its facts are arguably distinguishable. Although this Court would not be reconsidering the "very preliminary injunction" that is under review in the Fourth Circuit, it would have to decide virtually identical issues currently undergoing appellate review, which, as the Second Circuit held in *New York*, district courts cannot do. The pending

appeal of the preliminary injunction has divested this Court of jurisdiction over the motion for class-wide preliminary injunctive relief.

In arriving at this conclusion, the Court has considered the two cases cited by the plaintiffs in their reply brief. These cases do not help their cause. In fact, the cases bolster the Court's conclusion that it lacks jurisdiction over the motion for class-wide preliminary injunctive relief. In *Alaska Electrical Pension Fund v. Flowserve Corp.*, the Fifth Circuit held that the district court had jurisdiction to resolve a summary judgment motion while the denial of a class certification motion was on appeal. 572 F.3d 221, 233 (5th Cir. 2009) (per curiam). Though the class certification motion and summary judgment motion raised "practically identical" issues, the "findings made for resolving [the] class action certification motion serve[d] the court only in its determination of whether the requirements of Rule 23 [were] demonstrated." *Id.* (alterations in original) (quoting *Bell v. Ascendant Sols., Inc.*, 422 F.3d 307, 312 (5th Cir. 2005)). In *BAE Systems Technology Solution & Services, Inc. v. Republic of Korea's Defense Acquisition Program Administration*, the district court held that the defendant's appeal of a preliminary injunction did not divest it of jurisdiction to resolve immunity and act-of-state doctrine defenses. No. PWG-14-3551, 2016 WL 6167914, at *3–4 (D. Md. Oct. 24, 2016). Both *Alaska Electrical Pension Fund* and *BAE Systems* stand for the unremarkable proposition that an interlocutory appeal does not divest the district court of jurisdiction to resolve the *merits* of a suit. *See Okocha v. Adams*, No. 06-0275, 2007 WL 1074664, at *2 (M.D.N.C. Apr. 9, 2007) ("The appeal of the disposition of a preliminary injunction motion does not divest the trial court of its jurisdiction to proceed on the merits."), *aff'd*, 259 F. App'x 527 (4th Cir. 2007) (per curiam); *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301–02 (4th Cir. 2000) (noting that when a party appeals an interlocutory order, "that which is contemplated is a review of the interlocutory order, and of that

8

only" and that "[i]t was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree" (quoting *Ex parte Nat'l Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906))). But here, unlike in *Alaska Electrical Pension Fund* and *BAE Systems*, the pending motion for class-wide preliminary injunctive relief, if granted, would not resolve the merits of the case. Just the opposite: It would grant relief similar to the relief granted in the preliminary injunction on appeal.[3]

The plaintiffs argue that an exception to the general rule divesting this Court of jurisdiction applies. In their view, the Court should grant their class-wide preliminary injunction motion because it would aid in the appeal by "allow[ing] the Fourth Circuit to address the merits of the pending appeal without having to sort out the issues related to the scope of relief in the wake of the Supreme Court's decision." ECF 107, at 7. The plaintiffs are correct that when a case is on appeal, a district court may "take action that aids the appellate process." *Pub. Citizen*, 749 F.3d at 258. But they are incorrect that this exception applies here. Lower court action aids an appeal when it clarifies the scope of the order on appeal or renders moot an issue raised before the appellate court. *See Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001) (noting the district court properly exercised its jurisdiction to modify an "injunction to replace dubious references to 'the Commonwealth' with the names of the Governor and [his co-defendant]" and thereby "aided in th[e] appeal by relieving [the Fourth Circuit] from considering the substance of an issue begotten merely from imprecise wording in the injunction"). For example, a district court has determined it had jurisdiction to rule on a motion to modify an injunction on appeal to provide "clarification of the scope of the Court's Preliminary Injunction in light of a potential inconsistency between the

---

[3] While the Court does not have jurisdiction over the pending preliminary injunction motion, it does have jurisdiction over the plaintiffs' motion for class certification, which may be resolved while the appeal is pending so that the case can proceed on the merits.

9

language of the Preliminary Injunction and that of the accompanying Memorandum Opinion." *Am. Coll. of Obstetricians & Gynecologists v. FDA*, No. TDC-20-1320, 2020 WL 8167535, at *1 (D. Md. Aug. 19, 2020). Here, a preliminary injunction expanding the scope of relief to an entire class of plaintiffs would not simply clarify the scope of the existing preliminary injunction or moot an issue on appeal. Such an injunction would not "aid[] the appellate process" as it would not "promote judicial efficiency" or "facilitate the division of labor between trial and appellate courts." *Pub. Citizen*, 749 F.3d at 258. The aid-in-appeal exception does not apply here.

Finally, the plaintiffs argue that the Court may exercise jurisdiction over their motion under Federal Rule of Civil Procedure 62(d). That rule states: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Rule 62(d) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (quoting *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)); *see also Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922); *Haw. Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983) (Rehnquist, J., in chambers).

The plaintiffs assert that the status quo pending appeal is a universal preliminary injunction banning the enforcement of the Executive Order as to anyone. As they see it, this Court may preserve that status quo by issuing a class-wide preliminary injunction that "would restore the status quo at the time the appeal was filed by again blocking enforcement of the Executive Order

as to anyone." ECF 107, at 7. While this argument has some practical appeal, it overlooks the critical fact that the Supreme Court recently struck down the universal application of this Court's preliminary injunction. Thus, for purposes of Rule 62(d), the status quo pending appeal in this case is not the state of affairs when the government appealed the preliminary injunction to the Fourth Circuit in February. The status quo pending appeal must take into account the Supreme Court's subsequent ruling, and that status quo does not include a universal injunction. Under the status quo pending appeal, the preliminary injunction applies only to the parties who sought the injunction. If this Court were to grant class-wide preliminary injunctive relief, it would substantially expand the scope of the preliminary injunction currently on appeal—altering, not preserving, the status quo. Rule 62(d) does not confer this Court with jurisdiction over the plaintiffs' motion for class-wide preliminary injunctive relief. *See New York*, 974 F.3d at 215 (finding Rule 62(d) did not authorize second preliminary injunction because the district court "disrupted the status quo by imposing an injunction where the Supreme Court had stayed the preexisting injunctions").

However, there is a potential path forward for the plaintiffs: Federal Rule of Civil Procedure 62.1(a). Under that rule, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). The Court invokes Rule 62.1(a)(3). If the Fourth Circuit were to remand for the limited purpose of allowing this Court to decide the plaintiffs' motion for a class-wide preliminary injunction, the Court would grant the motion for the same reasons it granted the preliminary injunction on appeal and for many of the reasons a class-wide preliminary injunction was entered in *Barbara v. Trump*, No. 25-244, 2025

WL 1904338 (D.N.H. July 10, 2025).[4] An immediate ruling by this Court on the pending motion for a class-wide preliminary injunction would promote judicial efficiency and economy because it would enable the Fourth Circuit to consider the merits of a class-wide preliminary injunction sooner rather than later. *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999). It is now up to the plaintiffs to seek a limited remand from the Fourth Circuit. *See* Fed. R. Civ. P. 62.1(b); Fed. R. App. P. 12.1(a). In their reply brief, they suggested they would. ECF 107, at 7 n.1.

### III. Conclusion

The Court does not have jurisdiction over the plaintiffs' motion for a class-wide preliminary injunction because the pending appeal of the Court's prior preliminary injunction divested the Court of jurisdiction over it. Nevertheless, the Court issues an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3). If the Fourth Circuit were to remand for the limited purpose of allowing the Court to rule on the motion for a class-wide preliminary injunction, the Court would grant it. The plaintiffs are directed, pursuant to Federal Rule of Civil Procedure 62.1(b) and Federal Rule of Appellate Procedure 12.1(a), to advise the Clerk of the Fourth Circuit of the Court's indicative ruling. In the meantime, the Court will hold the plaintiffs'

---

[4] This Court is convinced it does not have jurisdiction over the pending motion for a preliminary injunction. Even when courts are uncertain whether they have jurisdiction over a request to modify a preliminary injunction that is on appeal or a request to issue a second preliminary injunction, they have invoked Rule 62.1 in the alternative. *See, e.g.*, *Eli Lilly & Co. v. Arla Foods Inc.*, No. 17-703, 2017 WL 5244681, at *1 (E.D. Wis. July 18, 2017) ("Elanco's motion will be granted and the preliminary injunction order will be modified. In the event that this court lacks jurisdiction to modify the injunction, this order shall serve as this court's indicative ruling pursuant to Rule 62.1."); *E. Bay Sanctuary Covenant v. Barr*, 391 F. Supp. 3d 974, 980 (N.D. Cal. 2019) ("The Court thus concludes that it has jurisdiction to consider the Organizations' motion to restore the nationwide scope of the injunction. Should the Ninth Circuit conclude otherwise, however, the Court adds that, to the extent that the Organizations' motion may also be construed as one for an indicative ruling under Rule 62.1, the Court would grant it.").

motion for a class-wide preliminary injunction in abeyance until further direction from the Fourth Circuit. A separate Order follows.

Date: July 16, 2025

Deborah L. Boardman
United States District Judge