FILED: July 29, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-1153
(8:25-cv-00201-DLB)

_____

CASA, INC.; ASYLUM SEEKER ADVOCACY PROJECT, INC.; MARIBEL, Individually and as next friend to her future child, c/o CASA, Inc.; JUANA, Individually and as next friend to her future child, c/o CASA, Inc.; TRINIDAD GARCIA, Individually and as next friend to her future child, c/o Asylum Seeker Advocacy Project; MONICA, Individually and as next friend to her future child, c/o Asylum Seeker Advocacy Project; LIZA, Individually and as next friend to her future child, c/o Institute for Constitutional Advocacy and Protection

         Plaintiffs - Appellees

v.

DONALD J. TRUMP, In his official capacity as President of the United States, c/o Attorney General of the United States; SECRETARY OF THE UNITED STATES DEPARTMENT OF STATE, In their official capacity; ATTORNEY GENERAL OF THE UNITED STATES, In their official capacity; SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, In their official capacity, c/o Office of the General Counsel; DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, In their official capacity, c/o Office of the Chief Counsel; COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, In their official capacity, c/o Office of the Chief Counsel; UNITED STATES OF AMERICA, c/o Attorney General of the United States

         Defendants - Appellants

------------------------------

MEMBERS OF CONGRESS; THE STATE OF TENNESSEE; AMERICA'S FUTURE; CITIZENS UNITED; CONSERVATIVE LEGAL DEFENSE AND EDUCATION FUND; GUN OWNERS FOUNDATION; IMMIGRATION REFORM LAW INSTITUTE; GUN OWNERS OF AMERICA, INC.; FORMER NATIONAL SECURITY OFFICIAL JOSHUA STEINMAN; LEADERSHIP INSTITUTE; U.S. CONSTITUTIONAL RIGHTS AND LEGAL DEFENSE FUND

      Amici Supporting Appellants

IMMIGRATION LAW SCHOLAR KRISTIN COLLINS; IMMIGRATION LAW SCHOLAR GERALD NEUMAN; IMMIGRATION LAW SCHOLAR RACHEL ROSENBLOOM; FRED T. KOREMATSU CENTER FOR LAW & EQUALITY; ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND; CENTER FOR CIVIL RIGHTS AND CRITICAL JUSTICE; 84 ADDITIONAL NONPROFIT AND GRASSROOTS ORGANIZATIONS AND RACE AND LAW CENTERS; NATIONAL ASIAN PACIFIC AMERICAN BAR ASSOCIATION, ET AL.; FREE SPEECH FOR PEOPLE; TAHIRIH JUSTICE CENTER; HARBORCOV; ASISTA; 31 ADDITIONAL NON-PROFIT ORGANIZATIONS SERVING IMMIGRANT SURVIVORS OF DOMESTIC VIOLENCE, SEXUAL ASSAULT, AND HUMAN TRAFFICKING; SCHOLARS OF CONSTITUTIONAL LAW AND IMMIGRATION; SECURE FAMILIES INITIATIVE; PROFESSOR PAUL FINKELMAN; PROFESSOR GABRIEL J. CHIN; PROFESSOR ERIKA LEE; MEMBERS OF THE U.S. CONGRESS; HUMAN RIGHTS FIRST; UNITED STATELESS; WOMEN'S REFUGEE COMMISSION; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; THE LEAGUE OF WOMEN VOTERS; THE EQUAL JUSTICE SOCIETY; LOCAL GOVERNMENTS AND LOCAL GOVERNMENT OFFICIALS; ORIGINALIST SCHOLARS; PROFESSOR ADAM ROTHMAN

      Amici Supporting Appellees

---

O R D E R

---

In *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), the Supreme Court granted the government's application for a partial stay of the preliminary injunction entered in this case "to the extent that the injunction[] [is] broader than necessary to provide complete relief to each plaintiff with standing to sue" and "to the extent that [it] prohibit[s] executive agencies from developing and issuing public guidance about the Executive's plans to implement . . . Executive Order [No. 14160]." *Id.* at 2562–63. The Court directed that the lower courts "move expeditiously to ensure that, with respect to each plaintiff," the injunction in this case comports with the announced rule and with principles of equity. *Id.* at 2563.

In light of the Supreme Court's decision, the government's appeal of the preliminary injunction is now before our court, divesting the district court of authority over the injunction. In response to the ruling in *CASA*, the district court issued an indicative ruling, noting that the Supreme Court had left open the possibility of broad preliminary relief by way of class action and indicating that it would grant the plaintiffs' motion for a class-wide preliminary injunction if it had jurisdiction to do so. *Trump*, No. 8:25-cv-00201-DLB, ECF No. 119, 2025 WL 1952521, at *1–2 (D. Md. July 16, 2025). The plaintiffs have now moved for a remand under Federal Rule of Appellate Procedure 12.1 to allow the district court to so act.

Although the plaintiffs seek a limited remand, we think the better course is to dismiss the pending appeal and remand this case to the district court. *See* Fed. R. App. P. 12.1(b) (allowing court of appeals to dismiss appeal in response to indicative ruling). That will allow the district court to comport expeditiously with the Supreme Court's directions in *CASA*, ensuring that any injunction complies with that decision. It will also allow for an immediate ruling on the plaintiffs' motion for class-wide relief, so that appellate review of the merits of that relief can come sooner rather than later.

In view of our dismissal of the plaintiffs' appeal, we deny the plaintiffs' Motion for Limited Remand as moot, and we deny the government's cross-motion to hold Plaintiff's Motion for Limited Remand in Abeyance.

Entered at the direction of Judge Niemeyer with the concurrence of Judge Gregory and Judge Harris.

                                                                                                                            For the Court

                                                                                                                            /s/ Nwamaka Anowi, Clerk