IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CASA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. DLB-25-201 |
| DONALD J. TRUMP, *et al.*, | * | |
| Defendants. | * | |

**ORDER**

On January 20, 2025, President Donald J. Trump signed Executive Order 14,160, "Protecting the Meaning and Value of American Citizenship" ("Executive Order"). CASA, Inc., Asylum Seeker Advocacy Project, and five pregnant women, individually and as next friends to their future children, filed a lawsuit against President Trump, the Secretary of the U.S. Department of State, the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services, the Commissioner of the Social Security Administration, and the United States of America. The plaintiffs allege that the Executive Order violates the Fourteenth Amendment to the U.S. Constitution and the Immigration and Nationality Act. The plaintiffs moved for a preliminary injunction that would enjoin the defendants from implementing and enforcing the Executive Order. On February 5, 2025, the Court granted a nationwide preliminary injunction.

On June 27, 2025, the Supreme Court held that nationwide injunctions exceed federal courts' equitable authority. The Supreme Court partially stayed this Court's preliminary injunction, "but only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue." *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2562–63 (2025).

Within hours of the Supreme Court's decision, CASA, ASAP, and eight women (including the five women who filed the initial complaint), individually and as next friends to their children and future children, filed an amended class action complaint. Seven of the eight women seek to represent the class on behalf of themselves, their children, and all others similarly situated. The plaintiffs also filed a motion to certify the class and an emergency motion for a classwide temporary restraining order and preliminary injunction.

On August 7, 2025, the Court granted the motion for class certification and certified the following class:

> Any child who has been born or will be born in the United States after February 19, 2025, (1) whose mother was unlawfully present in the United States and whose father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) whose mother's presence in the United States at the time of said person's birth was lawful but temporary and whose father was not a United States citizen or lawful permanent resident at the time of said person's birth.

The Court designated as class representatives Liza, as next friend to L.B.; Ashley, as next friend to K.K.; Andrea, as next friend to E.T.P.; Niurka, as next friend to L.G.; and Juana, Trinidad Garcia, and Monica, as next friends to their future children.

Upon consideration of the motion for a classwide temporary restraining order and preliminary injunction, ECF 98, the defendants' opposition, ECF 106, and the plaintiffs' reply, ECF 107, the Court finds that the plaintiffs have shown they are entitled to a classwide preliminary injunction. The plaintiffs have established that they are likely to succeed on the merits of their constitutional claim because the Executive Order contradicts the plain language of the Fourteenth Amendment and conflicts with binding Supreme Court precedent, *United States v. Wong Kim Ark*, 169 U.S. 649 (1898). The plaintiffs also have shown that the class representatives and members will suffer irreparable harm—the denial of citizenship—without injunctive relief. Finally, the plaintiffs have established that the balance of the equities and the public interest weigh in favor of

a preliminary injunction. The government will not be harmed by an injunction that maintains the status quo of birthright citizenship, and the plaintiffs will be harmed if the Executive Order is not enjoined pending the outcome of this lawsuit.

For the reasons stated above and those stated in the memorandum opinion issued today, it is this 7th day of August, 2025 hereby ORDERED that

1. The plaintiffs' motion for a classwide temporary restraining order and preliminary injunction, ECF 98, is GRANTED in part and DENIED in part as follows:

    a. The motion for a classwide preliminary injunction is GRANTED; and

    b. The motion for a temporary restraining order is DENIED as moot;

2. The Secretary of the U.S. Department of State, the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services, the Commissioner of the Social Security Administration, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them are ENJOINED from enforcing the Executive Order against the class representatives and the members of the certified class until further order of this Court;

3. The security requirement is waived;

4. The joint motion to vacate the February 5, 2025 injunction, ECF 127, is GRANTED; and

5. The February 5, 2025 preliminary injunction is DISSOLVED.

                                                      Deborah L. Boardman
                                                      United States District Judge