**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CASA, INC. *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>    *Defendants*. | Case No.: 8:25-cv-00201-DLB<br>Honorable Deborah L. Boardman |

**PLAINTIFFS' MOTION TO LIFT STAY AND TO SET IMMEDIATE STATUS CONFERENCE**

Plaintiffs respectfully move the court for an order lifting the stay of proceedings, *see* ECF 146, and setting a status conference at the Court's earliest convenience. The motion is supported by good cause based on the following:

1.      This case concerns the President's efforts to limit birthright citizenship in the United States, in violation of the Citizenship Clause of the Fourteenth Amendment. On January 20, 2025, the President signed Executive Order 14,160, "Protecting the Meaning and Value of American Citizenship" [hereinafter, "January 2025 Executive Order"], which purports to deny birthright citizenship to children born in the United States if their parents are unlawfully or temporarily present in the United States.

2.      On August 7, 2025, this Court certified under Federal Rule of Civil Procedure 23(b)(2) a nationwide class consisting of: "Any child who has been born or will be born in the United States after February 19, 2025, (1) whose mother was unlawfully present in the United

1

States and whose father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) whose mother's presence in the United States at the time of said person's birth was lawful but temporary and whose father was not a United States citizen or lawful permanent resident at the time of said person's birth." ECF 130; *see also* ECF 129 (memorandum opinion on class certification).

3.      That same day, the Court issued a class-wide preliminary injunction barring enforcement of the January 2025 Executive Order. ECF 132. The Court concluded that Plaintiffs are "extremely likely to succeed on their claim that the Executive Order violates the Fourteenth Amendment." ECF 131 at 10. The Court further found that Plaintiffs had met the other requirements for a preliminary injunction, and "enjoin[ed] the enforcement of the January 20, 2025 Executive Order 14,160, 'Protecting the Meaning and Value of American Citizenship,' as to all members of the certified class." *Id.* at 21. "The preliminary injunction applies to all members of the certified class across the country." *Id.* at 1.

4.      In *Trump v. Barbara*, 146 S. Ct. 2438 (2026), the Supreme Court agreed with this Court's conclusions. In affirming a similar class-wide preliminary injunction entered against the January 2025 Executive Order, the Supreme Court held that "children born of parents unlawfully or temporarily present in the United States" are "citizens at birth" because they "satisfy both elements of the Citizenship Clause: they are 'born ... in the United States' and 'subject to the jurisdiction thereof.'" *Id.* at 2450.

5.      Undeterred, on August 6, 2026, the President issued a new Executive Order on birthright citizenship titled "Continuing to Protect the Meaning and Value of American Citizenship." *See* The White House, Presidential Actions, Executive Orders, "Continuing to Protect the Meaning and Value of American Citizenship" (Aug. 6, 2026) [hereinafter, "August

2026 Executive Order"], http://www.whitehouse.gov/presidential-actions/2026/08/continuing-to-protect-the-meaning-and-value-of-american-citizenship.

6.      Like its predecessor, the August 2026 Executive Order purports to "identif[y] … and prescribe[] action concerning certain categories of children of aliens who do not fall within the rule of birthright citizenship." August 2026 Executive Order § 1. The Order directs Executive Branch departments not to recognize the citizenship of "persons" whose parents are not citizens, if either parent (a) "is an alien enemy, (b) "is a foreign government employee," or (c) "engaged in a commercial transaction to purchase or access birthright citizenship." *Id.* § 2. The Order also purports to deny birthright citizenship to people whose parents are not citizens and who are "born in a territory or territorial waters of the United States where citizenship is not conferred by Federal statute." *Id.* Significantly, the Order states that these categories are "non-exhaustive[]." *Id.* § 1.

7.      The August 2026 Executive Order is unclear in several respects and raises numerous questions. Class counsel therefore lack sufficient information about the meaning of the Order to advise class members on how the Order may or may not affect their rights.

8.      The Order's categories are poorly defined. For instance, the category of "alien enemy" is "*defined to include* any member of a designated Foreign Terrorist Organization under 8 U.S.C. 1189 or Specially Designated Global Terrorist, consistent with the International Emergency Economic Powers Act, 50 U.S.C. 1701 et seq., and Executive Order 13224 of September 23, 2001." *Id.* § 2(a) (emphasis added). But it is unclear whether that category includes *only* those individuals or instead includes *but is not limited to* those individuals. The

3

lack of clarity on this point is compounded by the August 2026 Executive Order's reference to its categories being "non-exhaustive[]."[1]

9. It is unclear based on the text of the August 2026 Executive Order whether it takes immediate effect. The portion of the Order addressing "Enforcement" directs the Secretary of State, Attorney General, Secretary of Homeland Security, and Commissioner of Social Security to "take all appropriate measures to ensure that the regulations and policies of their respective departments and agencies are consistent with this order, and that no officers, employees, or agents of their respective departments and agencies act, or forbear from acting, in any manner inconsistent with this order." *Id.* § 3(a). That provision includes no effective date or ramp-up period and thus appears to require immediate compliance. Separately, the August 2026 Executive Order directs "[t]he heads of all executive departments and agencies" to "issue public guidance within 30 days of the date of this order regarding this order's implementation with respect to their operations and activities." *Id.* § 3(b). It is notable that Section 3(b) includes a time period when Section 3(a) does not.

10. It is also unclear based on the text of the August 2026 Executive Order whether it is limited to children born on or after August 6, 2026, the date on which the Order was signed. Unlike the January 2025 Executive Order, which applied only to children born after a certain date, the August 2026 Executive Order applies to any "persons" whose parents fit into one of the prescribed categories, without specifying whether the person must have been born on or after August 6, 2026, or any other particular date.

---

[1] The "alien enemy" category is ambiguous for the additional reason that designated Foreign Terrorist Organizations are designated at the organizational level, without identifying their members. See 8 U.S.C. § 1189(a). It is thus unclear how Defendants intend to identify which noncitizens qualify as a "member" of a Foreign Terrorist Organization.

11.     It is unclear whether the August 2026 Executive Order exempts the children of lawful permanent residents. Whereas the January 2025 Executive Order recognized the citizenship of children born to parents who were either citizens or lawful permanent residents, the August 2026 Executive Order appears to apply to anyone whose parents are not citizens and who fall into the listed categories, regardless of whether the parents are lawful permanent residents.

12.     Based on these various aspects of the August 2026 Executive Order's text, it may be interpreted to immediately deny citizenship to members of the certified class, without regard to this Court's class-wide injunction. The Court should therefore lift the stay of proceedings and order an immediate status conference to seek clarity from Defendants on the meaning of the August 2026 Executive Order and its potential impact on the certified class.

13.     In addition, it is unclear whether the August 2026 Executive Order rescinds the January 2025 Executive Order, or whether the latter would remain operative but for the preliminary injunctions barring its enforcement.

14.     On August 7, 2026, Plaintiffs asked Defendants to provide clarity on the issues outlined above related to the scope of the August 2026 Executive Order. Plaintiffs advised Defendants that if they could not provide clarity, Plaintiffs would move the Court to lift the stay and to set a status conference to discuss these issues, and Plaintiffs asked Defendants' counsel for their position on such a motion. On August 10, 2026, counsel for Defendants replied and said that they could "confirm that the new EO operates only prospectively and is not effective until guidance is issued," and that they "therefore think it is premature to approach the court at this time." Counsel did not provide any statement directly from Defendants to substantiate this assurance, nor did Counsel respond to the other questions Plaintiffs posed.

Accordingly, Plaintiffs respectfully request that the Court lift the stay of proceedings and set a status conference to address the effect of the President's new Executive Order on the certified class.

Respectfully submitted this August 10, 2026,

/s/ William Powell

Conchita Cruz*  
Jessica Hanson (D. Md. 31903)  
Dorothy Tegeler*  
Leidy Perez*  
ASYLUM SEEKER ADVOCACY PROJECT  
228 Park Ave. S., #84810  
New York, NY 10003-1502  
(646) 600-9910  
conchita.cruz@asaptogether.org  
jess.hanson@asaptogether.org  
dorothy.tegeler@asaptogether.org  
leidy.perez@asaptogether.org  

William Powell*  
Mary B. McCord (D. Md. 21998)  
Rupa Bhattacharyya*  
Alexandra Lichtenstein*  
INSTITUTE FOR CONSTITUTIONAL ADVOCACY  
 AND PROTECTION  
Georgetown Law  
600 New Jersey Ave. NW  
Washington, D.C. 20001  
Phone: (202) 662-9765  
Fax: (202) 661-6730  
whp25@georgetown.edu  
mbm7@georgetown.edu  
rb1796@georgetown.edu  
arl48@georgetown.edu  

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE AND RULE 65 CERTIFICATION**

I hereby certify that, on August 10, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent to all counsel who have entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All defendants are currently represented by counsel who have entered an appearance and who receive notification of filings through the CM/ECF system.   The notice provided by the CM/ECF system is sufficient to provide notice to all counsel of this filing. Fed. R. Civ. P. 5(b)(2)(E); Electronic Case Filing Policies & Procedures Manual 2.E; Standing Order 2003-08.

/s/ William Powell
William Powell