**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| |
|---|
| CASA, INC., *et al.*,<br><br>　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　　　　　*Defendants*. |

Case No. 8:25-cv-00201-DLB

## OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY

Plaintiffs in this lawsuit have challenged Executive Order 14160, "Protecting the Meaning and Value of American Citizenship," 90 FR 8449 ("2025 EO"). As this Court is aware, the Supreme Court recently issued an opinion regarding that Executive Order. *See Trump v. Barbara*, 146 S. Ct. 2438 (2026). In response, the President issued a new Executive Order 14418, "Continuing to Protect the Meaning and Value of American Citizenship," 91 FR 51991 ("2026 EO") (attached as an exhibit). The 2026 EO explicitly cited the Supreme Court's decision in *Barbara*, stating that it "identifies, non-exhaustively, and prescribes actions concerning certain categories of children of aliens who *do not* fall within the rule of birthright citizenship as announced by the Supreme Court." 2026 EO § 1 (emphasis added).

Before the ink was even dry on the 2026 EO, and notwithstanding explicit language in that Executive Order that executive departments and agencies "shall issue public guidance within 30 days of the date of this order regarding this order's implementation with respect to their operations and activities," 2026 EO § 3(b), Plaintiffs rushed to this Court to move to lift the stay of proceedings that has been in place for nine months. Plaintiffs seek clarification regarding various

aspects of the 2026 EO that they believe are ambiguous, but that clarification will be provided by the guidance agencies are required to issue pursuant to the EO's own terms. In the meantime, Defendants will continue to comply with all applicable injunctions, including the preliminary injunction issued by this Court, that have been issued against the 2025 EO. There is therefore no need to lift the stay.

## BACKGROUND

This lawsuit challenges the 2025 EO. This Court preliminarily enjoined enforcement of that EO, ECF Nos. 65, 66 (Mem. Op. and Order), with the Supreme Court ultimately addressing the preliminary injunction's scope by holding that universal injunctions are improper. *Trump v. CASA Inc.*, 606 U.S. 831 (2025). Plaintiffs promptly filed an Amended Class Complaint on June 27, 2025. First Am. Compl. Class Action for Inj. & Declaratory Relief, ECF No. 96. In language completely tracking the 2025 EO, this Court certified a class consisting of:

> Any child who has been born or will be born in the United States after February 19, 2025, (1) whose mother was unlawfully present in the United States and whose father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) whose mother's presence in the United States at the time of said person's birth was lawful but temporary and whose father was not a United States citizen or lawful permanent resident at the time of said person's birth.

Order Granting Pls.' Mot. for Class Certification, ECF No. 130. This Court granted Plaintiffs' motion for a class-wide preliminary injunction on August 7, 2025, which enjoined Defendants "from enforcing the Executive Order against the class representatives and the members of the certified class until further order of this Court." ECF Nos. 131, 132 (Mem. Op. and Order Granting In Part & Denying as Moot In Part Pls.' Mot. for Classwide TRO & Prelim. Inj.).

Defendants appealed and moved to stay proceedings in this Court during the pendency of the appeal. ECF Nos. 141, 145 (Notice of Appeal and Assented-To Mot. to Stay Dist. Ct. Proceedings). Defendants explained that "[b]ecause Plaintiffs in this case are currently protected

by the class-wide preliminary injunction entered in this case," there "is no need for there to be any further proceedings in this case while awaiting the Fourth Circuit's determination on the scope of this Court's preliminary injunction." ECF No. 145 ¶ 3 (footnote omitted). Ultimately, this Court granted the motion and ordered that "all proceedings in this case are hereby STAYED pending the disposition of Defendants' appeal to the Fourth Circuit." Order Granting Mot. to Stay, ECF No. 146.

The Fourth Circuit subsequently held its appeal in abeyance pending the disposition of *Barbara* and *Trump v. Washington*. Order of USCA Granting Mot. for Abeyance, ECF No. 149. While the Supreme Court issued its mandate to the First Circuit related to its opinion in *Barbara* and denied certiorari in *Washington*, the mandate has not yet issued from the Fourth Circuit to this Court and, thus, the appeal here technically remains pending.

## ARGUMENT

This Court should deny Plaintiffs' request to lift the stay. The circumstances that led this Court to stay its proceedings in the first place are still in effect—namely, this Court's preliminary injunction shielding class members from enforcement of the 2025 EO. And this case—which has always been limited to Plaintiffs' challenge to the 2025 EO—offers no occasion to consider a new executive order based on new legal theories.

Nothing in this case merits a change in course from this Court's earlier (correct) decision to stay its proceedings pending the Fourth Circuit's mandate. This Court's preliminary injunction remains in effect. It continues to "currently protect[]" class members from enforcement of the only executive order challenged in this case. ECF No. 145 ¶ 3. And a stay—while the Fourth Circuit considers how to dispose of the appeal in due course—continues to "preserve the resources of both the parties and the Court." *Id.* ¶ 4. Good cause thus remains to adhere to this Court's stay order.

The only reason Plaintiffs give for lifting the stay relates to the 2026 EO, which is not a part of this case. In any event, nothing about the 2026 EO requires a sudden about-face at this juncture. As Plaintiffs' own motion recognizes, *see* ECF No. 157, ¶¶ 7-13, the 2026 EO's terms leave much to implementation. And the 2026 EO tells agencies exactly *how* to do so—via "public guidance … regarding this order's implementation with respect to their operations and activities," within "30 days of the date of this order," 2026 EO § 3(b). To the extent Plaintiffs criticize the 2026 EO for being "unclear" or for not being *immediately* accompanied by guidance, Pls.' Mot. to Lift Stay & Set Immediate Status Conference, ECF No. 157, ¶¶ 7-13, that only confirms that their filing is premature.

Furthermore, to the extent Plaintiffs seek to lift the stay for this Court to grant relief as to the 2026 EO, Plaintiffs' reach exceeds this case's grasp. As noted, the 2025 EO's focus was on the lawful or temporary status of a given person's parents. 2025 EO § 2. By contrast, the relevant categories for the 2026 EO are "alien enem[ies]," "foreign government employee[s]," persons who engage in "commercial transaction[s]" or "fraudulent activity" to obtain birthright citizenship for another, and persons "born in a territory or territorial waters of the United States where citizenship is not conferred by Federal statute." 2026 EO § 2. These are different executive orders raising different legal questions, and nothing about the complaint in this case attacks last week's Executive Order.

Accordingly, multiple threshold issues preclude grafting the 2026 EO into this case. For one, Plaintiffs would run into a standing obstacle. Plaintiffs' motion has not identified any class representatives who arguably fall within the scope of the 2026 EO. Neither Plaintiffs' motion nor Plaintiffs' amended complaint so much as hints that any of the class representatives are "alien enem[ies]," "foreign government employee[s]," or engaging in commercial or fraudulent

transactions to obtain birthright citizenship for their children. 2026 EO § 3. A class "cannot establish Article III standing without a sufficient allegation of harm to the named plaintiff in particular." *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 252-53 (4th Cir. 2020) (quotation marks omitted). As to the 2026 EO, Plaintiffs' class complaint simply has no anchor.

Nor have Plaintiffs even attempted to explain whether any of their unnamed class members would fall into the 2026 EO's categories. That too makes it inappropriate to insert the 2026 EO into this class action, on both jurisdictional and Rule 23 grounds. As to jurisdiction, "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citation omitted). Even if Plaintiffs *could* identify class members who are, for example, "alien enem[ies]" (which they have not yet), the Court could not treat the *entire* class as having a stake in the 2026 EO. As for Rule 23, Plaintiffs cannot plausibly argue that the 2026 EO raises "questions of law or fact common to" a class designed to challenge a different Executive Order. Fed. R. Civ. P. 23(a)(2).

In short, if Plaintiffs wish to challenge the 2026 EO, they should do so in a new lawsuit and seek certification of a new class with new class representatives who have actually been impacted by the specific and different provisions of the 2026 EO. This case and this Court are not the right forum to seek clarification of or "to address the effect of" an executive order (which, to repeat, will depend on forthcoming, more specific guidance in any event) that simply falls outside the legal dispute here. *Contra* ECF No. 157 at 6. The issuance of the 2026 EO has no bearing on this case and *a fortiori* has no bearing on whether this Court's Order staying its proceedings pending the Fourth Circuit's mandate should remain in effect.

For these reasons, Defendants propose that the case remain stayed. At minimum, should the Court lift the stay, Defendants respectfully request that it limit proceedings to the issues raised

in Plaintiffs' motion and not lift the stay for any other purposes. Specifically, Defendants ask that their obligation to respond to Plaintiffs' Amended Complaint, and other similar deadlines, continue to be stayed.

**CONCLUSION**

This Court should decline to lift the stay of proceedings.


Dated: August 13, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

KELLY O. HAYES
United States Attorney

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSHUA HA
Counsel to the Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Chief Litigation Counsel

*s/Kathleen C. Jacobs*
KATHLEEN C. JACOBS
(TX Bar No. 24091154)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-598-7615
Email: kathleen.c.jacobs@usdoj.gov

MELISSA E. GOLDMEIER (Bar number: 18769)
Assistant United States Attorney
36 S. Charles Street, 4th Fl.
Baltimore, MD 21201

6

melissa.goldmeier@usdoj.gov
Phone:  410-209-4800

*Attorneys for Defendants*