**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CASA, INC. *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>*Defendants*. | Case No.: 8:25-cv-00201-DLB<br>Honorable Deborah L. Boardman |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ADDITIONAL PRELIMINARY INJUNCTIVE RELIEF**

Plaintiffs seek an additional or modified classwide preliminary injunction barring enforcement of Exec. Order No. 14418, "Continuing To Protect the Meaning and Value of American Citizenship," 91 Fed. Reg. 51991 (Aug. 6, 2026), ECF 161-1 ("2026 Executive Order"). The 2026 Executive Order purports to deny birthright citizenship to children born in the United States to several categories of noncitizen parents. Plaintiffs contend that the 2026 Executive Order is unconstitutional as applied to members of the certified class, who are entitled to citizenship under the Supreme Court's decision in *Trump v. Barbara*, 146 S. Ct. 2438 (2026).

The Court has "inherent power" to issue an additional or modified preliminary injunction. *Thompson v. HUD*, 404 F.3d 821, 825 (4th Cir. 2005). "To obtain a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Fed'n of State, Cnty. & Mun. Emps., AFL-*

*CIO v. Soc. Sec. Admin.*, 172 F.4th 361, 366 (4th Cir. 2026) (en banc) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The Court finds that Plaintiffs have carried their burden to satisfy each of those factors and that immediate relief is appropriate. The Court will therefore issue an additional or modified preliminary injunction enjoining Defendants from enforcing the 2026 Executive Order.

To start, Plaintiffs may challenge the 2026 Executive Order within the context of this case. The purpose of an additional or modified preliminary injunction is to "relieve inequities that arise *after* the original order." *See J.O.P. v. DHS*, 338 F.R.D. 33, 58 (D. Md. 2020) (internal quotation marks omitted). And Plaintiffs' challenge to the 2026 Executive Order fits comfortably within the scope of their amended complaint, which seeks declaratory and injunctive relief ensuring that "all children born in the United States" within the certified class "are citizens of the United States and are entitled to all of the rights and privileges that such status provides, regardless of the immigration status of their parents." ECF 96 at 41.

Plaintiffs are "extremely likely to succeed on their claim that the [2026] Executive Order violates the Fourteenth Amendment." *CASA, Inc. v. Trump*, 793 F. Supp. 3d 687, 696 (D. Md. 2025). Plaintiffs likely have standing to challenge the 2026 Executive Order. To obtain a classwide preliminary injunction, Plaintiffs need only show that one class representative has standing. *Carolina Youth Action Project v. Wilson*, 60 F.4th 770, 779 (4th Cir. 2023). Here, multiple class representatives, including Monica, Liza, Juana, and Andrea, have pre-enforcement standing to challenge the 2026 Executive Order because multiple class representatives face a credible threat of enforcement. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Defendants' failure to disavow enforcement against the class representatives and other members of the class powerfully supports Plaintiffs' standing. *See Chiles v. Salazar*, 146 S. Ct. 1010, 1019 n.* (2026).

Plaintiffs are also likely to succeed in demonstrating that the 2026 Executive Order is unconstitutional as applied to members of the certified class in this case. The Supreme Court held in *Barbara* that all class members are citizens under the Fourteenth Amendment. 146 S. Ct. at 2450. As applied to those same people, the 2026 Executive Order is necessarily unconstitutional. The Order's categories go far beyond the limited historical exceptions to birthright citizenship recognized in *United States v. Wong Kim Ark*, 169 U.S. 649 (1898), and reaffirmed in *Barbara*.

Plaintiffs are likely to suffer irreparable harm in the absence of an injunction, and the balance of the equities and public interest also favor Plaintiffs. The Executive Order infringes the constitutionally guaranteed right to citizenship, and violation of constitutional rights is per se irreparable injury. *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 346 (4th Cir. 2021) (en banc). As explained in Plaintiffs' supplemental declarations, the 2026 Executive Order is causing families immense stress and anxiety and threatens to deprive class members of the benefits of United States citizenship, exposing them to the risk of deportation and potentially leaving them stateless. Protecting class members' constitutional rights "surely serves the public interest." *Centro Tepeyac v. Montgomery County*, 722 F.3d 184, 191 (4th Cir. 2013) (en banc) (quoting *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002)).

The Court finds it necessary to issue an additional or modified preliminary injunction now, rather than waiting for issuance of the guidance contemplated in Section 3(b) of the 2026 Executive Order. The text of Section 3(a) of the 2026 Executive Order appears to call for immediate enforcement. And, although Defendants have suggested the Executive Order will not be enforced before the guidance issues on or before September 5, 2026, Defendants have failed to provide any assurances that the Order will not be enforced immediately on that date, before Plaintiffs and others have had a chance to analyze the guidance. A preliminary injunction is thus

warranted now to prevent the chaos and grave irreparable harm that would result from any enforcement of the 2026 Executive Order against the class.

Therefore, it is hereby **ORDERED** that Plaintiffs' Motion for Additional Preliminary Injunctive Relief is **GRANTED**.

It is further **ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are **ENJOINED** from enforcing or applying the 2026 Executive Order against any member of the certified class.

It is further **ORDERED** that the security requirement is hereby waived because Defendants will not suffer any costs from the preliminary injunction and imposing a security requirement would pose a hardship for Plaintiffs. *See* Fed. R. Civ. P. 65(c); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013).

**SO ORDERED**, this _________ day of __________, 2026, at _____.

_______________________
Honorable Deborah L. Boardman
United States District Judge