**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CASA, INC. *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP *et al.*,

*Defendants*.

Case No.: 8:25-cv-00201-DLB
Honorable Deborah L. Boardman

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RENEWED MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER**

Plaintiffs seek a preliminary injunction or temporary restraining order barring enforcement of President Trump's new Executive Order purporting to limit birthright citizenship in the United States. *See* Exec. Order No. 14418, "Continuing To Protect the Meaning and Value of American Citizenship," 91 Fed. Reg. 51991 (Aug. 6, 2026), ECF 161-1 ("2026 Executive Order"). As applied to the certified class in this case, the 2026 Executive Order is plainly unconstitutional under the Supreme Court's decision in *Trump v. Barbara*, 146 S. Ct. 2438 (2026). The Supreme Court held that all members of the certified class "are citizens at birth" under the Fourteenth Amendment, which "guarantee[s] citizenship to all children born in the United States and subject to its power." *Id.* at 2450, 2453. The President lacks any authority to alter that constitutional rule. Immediate injunctive relief is necessary to prevent Defendants from stripping class members of citizenship, which represents "the right to have rights." *Id.* at 2458.

## BACKGROUND

The history of this case is familiar to the Court and is set forth in Plaintiffs' previously filed Memorandum of Law in Support of Their Motion for Additional Classwide Preliminary Injunctive Relief or a Classwide Temporary Restraining Order. ECF 168-1 at 2-5.

Earlier today, August 28, 2026, the Court held a hearing on the portion of that motion seeking a temporary restraining order against the 2026 Executive Order. *See* ECF 176 (paperless order). At the end of the hearing, the Court made several findings on the record. The Court rejected Defendants' argument that Plaintiffs' challenge is unripe. The Court found that the class representatives and class members face an imminent risk of irreparable harm from the Executive Order, without needing to wait for federal agencies to issue further guidance. The Court also found that the credible threat of enforcement against class representative Monica supported Plaintiffs' standing to seek additional classwide injunctive relief against the 2026 Executive Order.

The Court denied Plaintiffs' motion without prejudice, however, on the ground that Plaintiffs had not yet filed a supplemental complaint alleging injury caused by the 2026 Executive Order. At the same time, the Court granted Plaintiffs leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d).

Plaintiffs have now filed a supplemental complaint, and they renew their motion for a preliminary injunction or temporary restraining order.

## LEGAL STANDARD

"To obtain a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Fed'n of State, Cnty. & Mun. Emps. v. SSA*, 172 F.4th 361, 366 (4th Cir. 2026) (en banc) (quoting *Winter*

*v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The standards for granting a TRO and granting a preliminary injunction are the same." *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024).

**ARGUMENT**

Rather than saddling the Court with redundant briefing, Plaintiffs incorporate by reference their briefing in support of their previously filed motion for preliminary injunction or temporary restraining order. *See* ECF 168-1; ECF 174. In short, Plaintiffs are overwhelmingly likely to succeed on the merits of their claim that the 2026 Executive Order is unconstitutional as applied to members of the certified class because the Supreme Court held in *Barbara* that all class members are U.S. citizens. *Barbara*, 146 S. Ct. at 2450. *See* ECF 168-1 at 14-22; ECF 174 at 14-15. The other preliminary injunction factors also favor Plaintiffs because the denial of citizenship to members of the class for any period of time would impose grievous irreparable harm and because protecting the tradition of birthright citizenship in the United States serves the public interest. *See* ECF 168-1 at 22-27; ECF 174 at 15.

Plaintiffs address two additional points in response to issues that arose at the hearing.

First, the Court has already concluded that Plaintiff Monica has standing to challenge the 2026 Executive Order, and one Plaintiff with standing is sufficient to support a classwide injunction under binding Fourth Circuit precedent. *Carolina Youth Action Project v. Wilson*, 60 F.4th 770, 779 (4th Cir. 2023); *Jonathan R. ex rel. Dixon v. Morrisey*, 178 F.4th 139, 162 (4th Cir. 2026). But to make doubly sure, Plaintiffs now present additional evidence in support of class representative Andrea's standing.

Andrea came to the United States from Mexico in 2024. Andrea 3d Decl. ¶ 3. A Mexican cartel that was designated as a Foreign Terrorist Organization on February 20, 2025, known as La

Nueva Familia Michoacana, is active in the region of Mexico where she lived. *Id.* Andrea fled to the United States after being assaulted by a member of the cartel, and she is seeking asylum based in part on her fear of the group. *Id.* The father of her child E.T.P. has a close relative who is a member of La Nueva Familia Michoacana. *Id.* Based on the Administration's history of identifying individuals as members of Foreign Terrorist Organizations based on their nationality, where they live, or the fact that they have relatives who are members, E.T.P. faces a credible threat of having either or both of his parents labeled an alien enemy and therefore being stripped of his birthright citizenship. See *Sanchez Puentes v. Garite*, 780 F. Supp. 3d 682, 699-701 (W.D. Tex. 2025) (granting habeas to Venezuelan couple with three small children after they were arrested and detained based on allegation that mother was an "admitted affiliate" of Tren de Aragua because her ex-husband, from whom she separated over a decade prior, was a member).[1]

Second, this Court should grant relief to the already-certified class as a whole. At the hearing, Defendants suggested that this would be improper because the certified class does not perfectly encompass the group of people affected by the 2026 Executive Order. And they argued that even if this Court were to grant relief to a subclass of the certified class, it must designate multiple subclasses corresponding to the categories in the 2026 Executive Order. These contentions are incorrect for the same reason: what Plaintiffs seek is preliminary relief barring enforcement of the 2026 Executive Order against members of the certified class, all of whom the Supreme Court in *Barbara* held are "citizens at birth" because they "satisfy both elements of the Citizenship Clause: they are 'born . . . in the United States' and 'subject to the jurisdiction

[1] Class representatives Liza and Juana also have standing with respect to the 2026 Executive Order based on its "commercial transaction" category, for the reasons Plaintiffs have previously explained. *See* ECF 168-1 at 12-13.

thereof.'" *Barbara*, 146 S. Ct. at 2450. That relief is based on the indivisible claim that Defendants lack the authority to deny class members citizenship granted by the Constitution, which is common to the entire class.

The cases provided by Defendants at the hearing support Plaintiffs' position that this Court can grant injunctive relief to the certified class. In *Does 4, 7, 22, 27, 28, and 29 v. Musk*, 350 F.R.D. 246 (D. Md. 2025), the district court rejected the defendants' argument that the proposed Rule 23(b)(2) class of employees and contractors of USAID who challenged the shutdown of the agency was overly broad because some members of the class were not terminated, but instead resigned, retired, or might be reassigned to the U.S. Department of State. The court made clear that "there is no requirement that all class members be known to have been injured; it is sufficient if the class consists of individuals who could potentially have been injured by Defendants' conduct." *Id.* at 255. That was particularly true, the court emphasized, because the proposed class asserted "claims of an explicit, overarching policy to eliminate and shut down USAID as an independent agency." *Id.* at 256.[2]

Potential distinctions among class members may warrant the use of subclasses where different groups of class members are seeking different relief. For example, in *Carolina Youth Action Project v. Wilson*, 60 F.4th 770 (4th Cir. 2023), the court upheld certification not only of an overarching class of students granted a broad injunction against the challenged laws, but also of subclasses of students to whom the laws had been applied and who requested more specific

[2] *Stafford v. Bojangles' Restaurants, Inc.*, 123 F.4th 671 (4th Cir. 2024), which Defendants also cited at oral argument, involved a Rule 23(b)(3) damages class, which must meet the predominance requirement, demanding a more narrowly defined class. *Id*. at 681-82. That requirement does not apply to classes certified under Rule 23(b)(2).

injunctive relief. *Id*. at 777. In *Does*, on the other hand, the court concluded that because the plaintiffs sought no additional forms of relief beyond generally barring defendants from "taking action to 'eliminate USAID' without specific congressional authorization," subclasses were unnecessary. 350 F.R.D. at 257.

Subclasses are equally unnecessary here. Plaintiffs seek a declaration that all members of the certified class are citizens of the United States and are entitled to all of the rights and privileges that such status provides, regardless of the immigration status of their parents, as well as injunctive relief to prevent the 2026 Executive Order from being used to deprive class members of their citizenship. That relief is common to the entire certified class and requires no subclasses at all.

To the extent that this Court prefers to designate a subclass to aid in its own management of the case, it need only designate one subclass—composed of those class members to whom the 2026 Executive Order applies. Defendants' contention that this Court would need to evaluate whether the Rule 23 requirements are met confuses separate meanings of the term "subclass" under Rule 23(c)(5) and Rule 23(d). "'Subclass' is a term of art in class action practice." 3 Newberg and Rubenstein on Class Actions § 7:29 (6th ed.). A subclass established under Rule 23(c)(5) is "treated as a class" and must therefore be independently certified as meeting the class requirements. *See, e.g.*, *Stafford*, 123 F.4th at 682 (referring to a Rule 23(c)(5) subclass); *Does*, 350 F.R.D. at 255 (same). A subclass established under Rule 23(d)—often referred to as a management subclass—is constituted solely to "expedite resolution of the case by segregating a distinct legal issue that is common to some members of the existing class." *Peters v. Aetna Inc.*, 2 F.4th 199, 244 (4th Cir. 2021) (quoting 3 William B. Rubenstein, *Newberg on Class Actions* § 7:32 (5th ed. Dec. 2020 update)). Such a class does "not need to satisfy Rule 23(a) certification requirements." Newberg and Rubenstein § 7:32. If this Court were to designate a subclass, a

management subclass would be the appropriate mechanism, rendering certification of the subclass unnecessary. And even if such certification were necessary, Plaintiffs meet the requirements for the reasons explained in prior briefing. ECF 174 at 7-8.

## CONCLUSION

For the foregoing reasons, as well as the reasons contained in Plaintiffs' previous memoranda, ECF 168-1; ECF 174, the Court should grant Plaintiffs' renewed motion for a preliminary injunction or temporary restraining order.

Respectfully submitted this August 28, 2026,

Conchita Cruz*
Jessica Hanson (D. Md. 31903)
Dorothy Tegeler*
Leidy Perez*
Marcela X. Johnson*
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S., #84810
New York, NY 10003-1502
(646) 600-9910
conchita.cruz@asaptogether.org
jess.hanson@asaptogether.org
dorothy.tegeler@asaptogether.org
leidy.perez@asaptogether.org
marcela.johnson@asaptogether.org

*/s/ William Powell*
William Powell*
Mary B. McCord (D. Md. 21998)
Rupa Bhattacharyya*
Alexandra Lichtenstein*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
Georgetown Law
600 New Jersey Ave. NW
Washington, D.C. 20001
Phone: (202) 662-9765
Fax: (202) 661-6730
whp25@georgetown.edu
mbm7@georgetown.edu
rb1796@georgetown.edu
arl48@georgetown.edu

*Attorneys for Plaintiffs*

**Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE AND RULE 65 CERTIFICATION**

I hereby certify that, on August 28, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent to all counsel who have entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. All defendants are currently represented by counsel who have entered an appearance and who receive notification of filings through the CM/ECF system. The notice provided by the CM/ECF system is sufficient to provide notice to all counsel of this filing. Fed. R. Civ. P. 5(b)(2)(E); Electronic Case Filing Policies & Procedures Manual 2.E; Standing Order 2003-08.

/s/ William Powell
William Powell