**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CASA, INC., *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civ. No. DLB-25-201** |
| **DONALD J. TRUMP, *et al.*,** | * | |
| **Defendants.** | * | |

**ORDER AND PRELIMINARY INJUNCTION**

On August 6, 2026, a month after the Supreme Court held that "children born of parents unlawfully or temporarily present in the United States" are "citizens at birth" under the Constitution, *Trump v. Barbara*, 609 U.S. ----, 146 S. Ct. 2438, 2450 (2026), and affirmed a district court's preliminary injunction as to a class of children subject to Executive Order 14160, "Protecting the Meaning and Value of American Citizenship," 90 Fed. Reg. 8449 (Jan. 29, 2025), the President issued Executive Order 14418, "Continuing to Protect the Meaning and Value of American Citizenship" ("2026 Executive Order"), 91 Fed. Reg. 51991 (Aug. 11, 2026). The 2026 Executive Order "identifies, non-exhaustively, and prescribes action concerning certain categories of children of aliens who do not fall within the rule of birthright citizenship as announced by the Supreme Court" in *Barbara*. 2026 Exec. Order § 1. The plaintiffs claim that the 2026 Executive Order is unconstitutional as applied to the certified class—which is identical to the *Barbara* class—and seek a preliminary injunction enjoining the defendants from enforcing or applying it. ECF 178.

Upon consideration of the plaintiffs' renewed motion for a preliminary injunction or temporary restraining order, ECF 178, the defendants' opposition, ECF 179, and the plaintiffs' reply, ECF 180, the Court finds that the plaintiffs have shown they are entitled to a preliminary

injunction barring the defendants from enforcing or applying the 2026 Executive Order against any member of the certified class or from taking any other action to interfere with, deny, or fail to recognize the citizenship of any member of the certified class. The plaintiffs have established that they are likely to succeed on the merits of their constitutional claim because the Supreme Court in *Barbara* held that the certified class of children are citizens at birth and, in light of that holding, the 2026 Executive Order cannot deny them citizenship. The plaintiffs also have shown that class representatives and members are likely to suffer irreparable harm—the denial of citizenship—without injunctive relief. Finally, the plaintiffs have established that the balance of the equities and the public interest weigh in favor of a preliminary injunction. The government will not be harmed by an injunction that maintains the status quo of birthright citizenship for the class, and the plaintiffs will be harmed if the 2026 Executive Order is not enjoined as to the class pending the outcome of this lawsuit. The Court does not enjoin enforcement of Section 2(d) as to the class because, by its terms, Section 2(d) does not threaten the citizenship of any class member. The Court also does not enjoin the development and issuance of public guidance under Section 3(b).

For the reasons stated above and those stated in the memorandum opinion issued today, it is this 2nd day of September, 2026 hereby ORDERED that

1. The plaintiffs' renewed motion for a preliminary injunction or temporary restraining order, ECF 178, is GRANTED in part and DENIED in part as follows:
   a. The motion for a preliminary injunction is GRANTED; and
   b. The motion for a temporary restraining order is DENIED as moot;
2. The Secretary of the U.S. Department of State, the U.S. Attorney General, the Secretary of the U.S. Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services, the Commissioner of the Social Security

Administration, and their officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with them are ENJOINED from enforcing or applying the 2026 Executive Order against the class representatives and the members of the certified class and from taking any other action to interfere with, deny, or fail to recognize the citizenship of any member of the certified class until further order of this Court;

3. The defendants may develop and issue public guidance under Section 3(b) of the 2026 Executive Order;

4. The security requirement is waived;

5. The August 7, 2025 preliminary injunction, ECF 132, REMAINS IN EFFECT.

Deborah L. Boardman
United States District Judge