# EXHIBIT 3

**Guidance on Continuing to Protect the Meaning and Value of American Citizenship (Executive Order 14418) for Verification Requirements under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996**

September 4, 2026

On August 6, 2026, President Donald J. Trump signed an Executive Order (EO) related to continuing to protect the meaning and value of American citizenship. This order identifies, non-exhaustively, and prescribes action concerning certain categories of children of aliens who do not fall within the rule of birthright citizenship as announced by the Supreme Court in *Trump v. Barbara*, 609 U.S., 146 S. Ct. 2438, 2449 (2026). EO 14418, Sec. 1.

EO 14418 specifies that no executive department or agency of the United States government shall issue documents recognizing United States citizenship to, or accept documents issued by State, local, or other governments or authorities purporting to recognize United States citizenship regarding children when neither parent of that person is a citizen and any of the following applies:

(a) either parent of that child is an alien enemy, defined to include any member of a designated Foreign Terrorist Organization under 8 U.S.C. 1189 or Specially Designated Global Terrorist, consistent with the International Emergency Economic Powers Act, 50 U.S.C. 1701 *et seq*., and Executive Order 13224 of September 23, 2001 (Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism), as amended;

(b) either parent of that child is a foreign government employee, defined to include:

  (i) ambassadors;

  (ii) persons employed by a foreign embassy or consulate who are nationals of that foreign country;

  (iii) persons employed by a foreign government in an official capacity; and

Guidance documents lack the force and effect of law, unless expressly authorized by statute or incorporated into a contract. USDA may not cite, use, or rely on any guidance that is not available through their guidance portal, except to establish historical facts.

(iv) persons employed by an international organization that possess international-organization immunity;

(c) either parent of that child engaged in a commercial transaction to purchase or access birthright citizenship for the child, or engaged in fraudulent activity to obtain citizenship, to include:

(i) when the parent(s) of the child engage in a commercial transaction to ensure that the child's mother is present in the United States, or a territory of the United States, to give birth; or

(ii) when the parent(s) engage in a commercial transaction with a surrogate present in the United States, or a territory of the United States, to give birth;

(d) the child is born in a territory or territorial waters of the United States where citizenship is not conferred by Federal statute. EO 14418, Sec. 1-2.

Section 3(b) of the President's order directs the heads of all executive departments and agencies to issue public guidance within 30 days of the date EO 14418 was signed regarding the order's implementation with respect to their operations and activities. This document, consistent with the President's direction, provides information about how the agency will implement the President's order. Because the EO is prospective only, this guidance is prospective only and will become effective upon publication subject to any legal obligations. This guidance applies when a beneficiary is asserting citizenship as a basis for eligibility in the Supplemental Nutrition Assistance Program (SNAP).

Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA) provides that, with certain exceptions, only United States citizens, United States non-citizen nationals, and qualified aliens (and sometimes only particular categories of qualified aliens) are eligible for federally funded benefits (Pub. L. 104–193, 8 U.S.C. § 1611). According to Section 401 of PRWORA, 8 U.S.C. 1611(a), aliens who are not "qualified aliens" are not eligible for any "Federal public benefit" as defined in 8 U.S.C. 1611(c). The prohibition set forth in § 1611(a) is subject to certain narrow exceptions explicitly set forth in § 1611(b).

Guidance documents lack the force and effect of law, unless expressly authorized by statute or incorporated into a contract. USDA may not cite, use, or rely on any guidance that is not available through their guidance portal, except to establish historical facts.

Additionally, Section 10108 of Public Law 119-21, which the U.S. Department of Agriculture refers to as the "Working Families Tax Cut" legislation, amended Section 6(f) of the Food and Nutrition Act of 2008 (7 U.S. Code § 2015(f)) to further restrict SNAP participation to U.S. citizens and the following groups:

(a) an alien lawfully admitted for permanent residence as an immigrant as defined by sections 101(a)(15) and 101(a)(20) of the Immigration and Nationality Act, excluding, among others, alien visitors, tourists, diplomats, and students who enter the United States temporarily with no intention of abandoning their residence in a foreign country;
(b) an alien who has been granted the status of Cuban and Haitian entrant, as defined in section 501(e) of the Refugee Education Assistance Act of 1980 (Public Law 96–422); and
(c) an individual who lawfully resides in the United States in accordance with a Compact of Free Association referred to in section 402(b)(2)(G) of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996.

An Eligibility Attestation shall be deemed sufficient if it provides information that can be verified:

(A) that the child is a citizen of the United States and such citizenship can be confirmed through a Qualifying Beneficiary Document, or
(B) that the child
  (i) was born in one of the 50 States, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands, or the Northern Mariana Islands and said birth can be confirmed through a Qualifying Beneficiary Document, and
  (ii) that when the child was born in the United States,
    (a) the child's Mother was a United States citizen, and that status can be confirmed through a Qualifying Parent Document; or
    (b) the child's Father was a United States citizen and that status can be confirmed through a Qualifying Parent Document; or

(c) neither the child's Father or Mother was a United States citizen and the child's Father or Mother attests that none of the criteria in (a)-(d) of Section 2 of EO 14418 applies.

Any term used in the Eligibility Attestation that is defined in EO 14418 shall have the same definition as in EO 14418.

A **Qualifying Parent Document** as defined in the Eligibility Attestation may include at least one document from the Qualifying Parent Document list below.

**Qualifying Parent Document**

With respect to the child's Mother or Father, documentary evidence of United States Citizenship:

(i) For a Mother or Father born before EO 14418 takes effect, a United States passport. For Mother or Father born after EO 14418 takes effect, a United States passport issued after implementation of section 3(a) of EO 14418 by the Department of State;
(ii) Form N-550 or N-570 (Certificate of Naturalization);
(iii) Form N-560 or N-561 (Certificate of United States Citizenship);
(iv) For a Mother or Father born before EO 14418 takes effect, a valid State-issued driver's license or other identity document described in section 274A(b)(1)(D) of the Immigration and Nationality Act, but only if the State issuing the license or such document requires proof of United States citizenship before issuance of such license or document or obtains a social security number from the applicant and verifies before certification that such number is valid and assigned to the applicant who is a citizen. For a Mother or Father born after EO 14418 takes effect, a valid State-issued driver's license or other identity document described in section 274A(b)(1)(D) of the Immigration and Nationality Act, but only if the State issuing the license or such document requires proof of United States citizenship before issuance of such license or document or obtains a social security number issued after implementation of

section 3(a) of EO 14418 by the Social Security Administration; from the applicant and verifies before certification that such number is valid, assigned to the applicant who is a citizen, and issued after implementation of section 3(a) of EO 14418 by the Social Security Administration;

(v) If such Mother or Father is born before the effective date of EO 14418, a birth certificate documenting the birth of the Mother or Father in one of the 50 States, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands, or the Northern Mariana Islands; or

(vi) A document issued by a federally recognized Indian tribe evidencing membership or enrollment in, or affiliation with, such tribe.

(vii) Such other document as the Secretary may specify, by regulation, that provides proof of United States citizenship or nationality and that provides a reliable means of documentation of personal identity.

(viii) Such other document as the Secretary may specify that provides proof of United States citizenship.

(ix) Neither the child’s Father or Mother has documentary evidence of United States Citizenship: and the child’s Father or Mother attest that none of the criteria in (a)-(d) of Section 2 of EO 14418 applies.

(x) A State agency must determine eligibility for SNAP in accordance with applicable Federal and State requirements.

This Guidance shall be implemented consistent with applicable law. EO 14418, Sec. 5(b).

Guidance documents lack the force and effect of law, unless expressly authorized by statute or incorporated into a contract. USDA may not cite, use, or rely on any guidance that is not available through their guidance portal, except to establish historical facts.